LIERMANN, Administratrix, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*April 16 — May 3, 1892.*

*Railroads: Killing of person at street crossing: Contributory negligence: Instructions to jury: Measure of damages.*

1. The rule that a person suddenly put in a position of great peril by the negligence of another, is not responsible for an unwise choice of a mode of escape, is not applicable to the case of a traveler approaching a railroad track where he knows trains are frequent and where his view is unobstructed. And in such a case it was error to instruct the jury that "it is the right and duty of every man who comes into a dangerous place of any kind to exercise his own best judgment as to what he shall do. It is for him to determine for himself whether or not a train is so distant that it is perfectly safe to cross the track in advance of it, or whether it is so near as to make it dangerous to attempt to cross," etc.

2. In an action for the death of a married man the measure of damages is the pecuniary loss of the widow alone.

APPEAL from the Circuit Court for *Milwaukee* County. Plaintiff's intestate was killed by being struck by a locomotive drawing a passenger train, at or near the crossing of Muskego avenue over the defendant's tracks, in the city of Milwaukee, at about 8 o'clock P. M., November 7, 1888. There were several parallel tracks at the place of the accident. The complaint charges the company with negligence in running the train at an unlawful rate of speed, in giving no signals, in providing no guards or barriers at the crossing, and in not having any employee at the crossing to warn persons of the approach of trains. Such negligence was charged to be the sole cause of the accident. The defendant's answer, admitting the accident and death of the intestate, denied that it was in any manner caused by the negligence of defendant or of any of its employees. The headlight of the engine was properly lighted. There

was a conflict in the evidence as to whether the bell was ringing as the engine approached the street, and there was conflicting evidence as to the speed of the train. During part of the evening before the accident the intestate had been in a saloon just north of the tracks on Clermont street, a short block east of the scene of the accident, and there was evidence that he had drunk some beer or whisky, or both, and defendant claimed that he was partially intoxicated. After leaving the saloon the intestate went south across the tracks, stopped a few minutes at or near a flag shanty, and then started west, and recrossed the tracks to the north at Muskego avenue, and was struck by the train and killed. The evidence was conflicting as to whether he was within the limits of Muskego avenue when struck, or whether he was just outside the limits and in the right of way of the defendant company. The trial resulted in a verdict and judgment for the plaintiff, from which this appeal was taken.

For the appellant there was a brief by *John T. Fish*, attorney, and *Burton Hanson*, of counsel, and oral argument by *Mr. Hanson*.

For the respondent there was a brief by *Austin & Hamilton*, and oral argument by *W. H. Austin*.

WINSLOW, J. The circuit judge, in his charge to the jury, gave them the following instruction: " Generally, it is the duty of any man who is crossing a railroad track to look and listen carefully for approaching trains, and to keep off the track if there is any appearance of danger in crossing. On the other hand, it is the right and duty of every man who comes into a dangerous place of any kind to exercise his own best judgment as to what he shall do. It is for him to determine for himself whether or not a train is so distant that it is perfectly safe to cross the track in advance of it, or whether it is so near as to make it

dangerous to attempt to cross the track in advance. It is for him, when he finds himself upon a track where there is an approaching train bearing down upon him, to determine for himself whether it would be safest for him to go forward or to go back; and if he exercises his judgment to the best of his ability he is not chargeable with negligence if it afterwards turns out that his judgment was wrong. If it afterwards turns out that he might have escaped by going back when he went forward, or that he might have escaped by going forward when he went back, if he acted upon his best judgment under the circumstances, that is all that is required of him; and his mistake, if he commits a mistake under such circumstances, is not to be imputed to him as negligence." The obvious effect of the instruction is to inform the jury that when a person approaches a railway track, and sees a train coming, he may attempt to cross in advance of it or not, just as he pleases, and he is not chargeable with negligence, however rash his act, because he has acted on his judgment. This was error. The rule that a person suddenly put in a position of great peril by the negligence of another, is not responsible for an unwise choice of a mode of escape, is manifestly not applicable to the case of a traveler approaching a railroad track where he knows trains are frequent, and where his view is unobstructed. He is bound to the exercise of ordinary care, and if he fails in this, and is injured in consequence thereof, he cannot recover. Although this rule was practically stated to the jury in another part of the charge, it seems plain that the instruction first herein quoted would thoroughly destroy its force.

The court also charged that the damages would be what the intestate's life would have been worth, had he lived, to his widow *and children*. This was incorrect. It is the pecuniary loss of the widow alone which is recoverable. *Abbot v. McCadden*, 81 Wis. 563. Other questions are presented,

but as there must be a reversal, and the testimony upon another trial may present other or different facts, they are not passed upon.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.