Berg vs. The City of Milwaukee.

83  599
84  352

Berg, Respondent, vs. The City of Milwaukee, Appellant.

*November 18 — December 6, 1892.*

*Municipal corporations: Injury from defective sidewalk: Contributory negligence: Court and jury.*

1. The sidewalk of one street in a city was from twenty-one inches to three feet higher than the sidewalk of another at their intersection, and in passing from one to the other there was a step about halfway down. Plaintiff, who was sixty-six years old and was carrying on his shoulder a heavy basket, while attempting to go down from the higher to the lower sidewalk missed the step and fell. It was dark at the time, the street light being extinguished. Upon the evidence showing these facts, it is *held* that the questions whether the sidewalk was insufficient or out of repair at the time and, if so, whether such defect was the cause of plaintiff's injury, were properly submitted to the jury.

2. The court charged the jury that there was testimony that when plaintiff reached a point near the steps he "calculated his distance from the upper step and thought he had another step to take upon the sidewalk, and was mistaken as to that, and so fell down the steps," and that if such was the fact he was not thereby chargeable with contributory negligence. *Held* error, as taking from the jury a question which should have been submitted to them.

3. A charge that if the plaintiff was, at the time, using his best judgment, and it turned out that in so doing he had fallen into an error, that was not to be imputed to him as negligence, is *held* erroneous, as stating a wrong standard of the care required of him.

Berg vs. The City of Milwaukee.

4. The rule that one who, in the presence of imminent danger, is com-
pelled immediately to choose between different lines of action is not
guilty of contributory negligence, as matter of law, merely because
he did not choose the best means of escape, is not applicable where
he voluntarily or negligently put himself in the dangerous po-
sition.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was commenced May 10, 1890, to recover
damages for personal injury sustained by the plaintiff, and
alleged to have been received by reason of a defective and
insufficient sidewalk at the southwest corner of the inter-
section of Third and Wells streets, in the defendant city,
while walking thereon, on January 5, 1889, and that the
plaintiff caused a written notice of such injury and such
defect, as required by the statute, to be served upon the
city clerk, March 9, 1889, wherefore he prays judgment for
$5,000 damages.

The answer consists of denials and counter allegations,
and alleges, in effect, that the sidewalk on Third street was
higher than that on Wells street at said intersection, and
that the plaintiff well knew the facts, and that the accident
occurred about 6 o'clock in the morning, and was caused by
the plaintiff's own negligence and want of ordinary care,
and not otherwise, and that such negligence and want of
ordinary care on the part of the plaintiff contributed to the
injuries which he so received.

At the close of the trial, the jury, under the charge of
the judge, returned a special verdict to the effect (1) that
the intersection of the south sidewalk of Wells street with
the west sidewalk of Third street was not in a reasonably
safe condition at the time when the injury was sustained;
(2) that the plaintiff's injury was occasioned by the fact
that said intersection of said sidewalks at that point was
not in a reasonably safe condition; (3) that the plaintiff
was in the exercise of ordinary care at the time he sustained

the injury in question; (5) that the plaintiff was damaged, in consequence of said injury, in the sum of $5,000; (6) that the jury find for the plaintiff. From the judgment on such verdict in favor of the plaintiff, the defendant appeals.

For the appellant there was a brief by *Conrad Krez*, city attorney, and *V. W. Seely*, assistant city attorney, and oral argument by *Mr. Seely.*

For the respondent there was a brief by *Julius E. Roehr*, attorney, and *Geo. E. Sutherland*, of counsel, and oral argument by *Mr. Sutherland.*

CASSODAY, J. It appears from the record, in effect, that Wells street runs east and west in the defendant city; that Third street crosses Wells street at right angles; that at the time of the accident, January 5, 1889, the sidewalk on the west side of Third street, at its intersection with the sidewalk on the south side of Wells street, was somewhere from twenty-one inches to three feet higher than said sidewalk on Wells street; that in passing from said Third street sidewalk down onto said Wells street sidewalk there was one step about halfway down; that the plaintiff at that time was nearly sixty-six years of age, and lived with his son, a baker, on the west side of Third street, and some distance north of Wells street; that about half past 5 o'clock on the morning in question he started from his son's bakery carrying a basket of bread weighing about twenty-five pounds on his right shoulder, and went south on the sidewalk on the west side of Third street to and across Wells street; that, in attempting to go down on to the sidewalk on the south side of Wells street, he imagined he was carefully stepping onto the step mentioned, but missed it and fell forward, and was injured; that at the time the street light had been extinguished, and it was dark. We are constrained to hold that the evidence was sufficient to justify the court in submitting to the jury the

question whether the *locus in quo*, or the intersection of the sidewalks in question, was insufficient or out of repair at the time mentioned, and, if so, whether such defect was the cause of the plaintiff's injury. Upon that point the court, among other things, charged the jury, in effect, that ordinarily " the question of a defective or safe highway is a question of fact for the jury, and this is pre-eminently such a case."

The same rule is equally applicable to the question of contributory negligence, in a case like this. The court, among other things, charged the jury that " there is testimony tending to show that, when he reached a point near the steps he was about to reach on this declivity, he himself calculated his distance from the upper step, or from the first step, and thought he had another step to take upon the sidewalk, and was mistaken, as to that, and so fell down the steps; and, if that be the fact, he is not thereby chargeable with contributory negligence." This was taking from the jury what ought to have been submitted to the jury. In the same connection the court charged the jury, in effect, that if the plaintiff was at the time " using *his best judgment*," and it turned out that in doing so he had fallen into an error, that was " not to be imputed to him as negligence." This made the plaintiff's best judgment the standard of care which he was required at the time to exercise, instead of the well-established standard fixed by the law. In the same connection the court charged the jury, in effect, that if they believed from the evidence that the plaintiff fell by reason of "some grievous and harmful error" of judgment on his part; " that being in the exercise, at least, of ordinary care and prudence, and solely by reason of a miscalculation on his part as to the distance between him and the steps in question, you will not, in that case, find him guilty of contributory negligence. You will not find that fact to constitute a want of ordinary care." This was

a misapplication of the well-established rule "that where there are two or more different lines of action, any one of which may be taken, and a person with ordinary skill, *in the presence of imminent danger, is compelled immediately* to choose one of them, and does so in good faith, the mere fact that it is afterwards ascertained by the result that his choice was not the best means of escape cannot be imputed to him as negligence." *Schultz v. C. & N. W. R. Co.* 44 Wis. 638; *Gumz v. C., St. P. & M. R. Co.* 52 Wis. 679; *Stackman v. C. & N. W. R. Co.* 80 Wis. 453. The rule certainly has no application where a person voluntarily and negligently brings injury upon himself, or puts himself in a place of danger. *Liermann v. C., M. & St. P. R. Co.* 82 Wis. 286; *Baltzer v. C., M. & N. R. Co. ante,* p. 459.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.