# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE L. WOLFF MANUFACTURING COMPANY

*v.*

DAVID J. WILSON, by next friend.

*Filed at Ottawa March 31, 1894.*

1. NEGLIGENCE—*what constitutes.* Negligence is the omission to do something which a reasonable person, guided by those considerations which ordinarily regulate human affairs, would do, or the doing of something which a prudent and reasonable man, under the circumstances, would not do.

2. SAME—*evidence which tends to show negligence, is for the jury.* Appellant's driver, in backing his wagon up to a sidewalk in a city, caused a platform protruding from the rear of the wagon to strike and knock down a heavy iron post, which had for eighteen months stood near the edge of the walk, which post, in falling, struck and injured appellee: *Held,* that, even assuming such post not to have been securely fastened upon the walk in the first instance, the court could not, as a matter of law, say the driver was blameless, or that the negligence of the person erecting the post was the proximate cause of the injury. The facts tended to show negligence, and the question was for the jury.

3. SAME—*remote and proximate cause of injury.* If, subsequently to an original, wrongful or negligent act, a new cause intervenes, of itself sufficient to stand as the cause of an injury, the former act must be considered too remote, unless the original, wrongful act was, in and of itself, a violation of some law or ordinance.

4. Same—*of others not parties to the case.* It is not the province of the jury, in an action for negligence, to consider and compare the negligence of others who are not parties to the action.

5. Special findings—*questions should be single, direct and material.* A question submitted to a jury for a special finding should be single, direct, plain, and material to the case, and such as' calls for a direct answer. Such questions cannot seek the jury's conclusion upon a specified, partial view of the facts.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

An iron post, painted and used as a barber's sign, which was about eighteen inches in diameter at the lower end and tapering towards the top, stood about twelve feet high, within five inches of the outer edge of the sidewalk, on a street of the ·city of. Chicago. The post was estimated to be of a weight between five hundred and eight hundred pounds. For eighteen months the post had thus stood. From the bottom three prongs projected, which stood in holes drilled into the stone sidewalk. West of this post stood an iron tank, used as a plumber's sign, about six feet distant. East of the barber's sign stood a lamp post, six feet distant. West from the plumber's sign, distant over twenty-one feet, stood a lamp post. A plumber's shop was in the basement of the building, the entrance to which was nearly opposite but slightly to the west of the plumber's sign. The outer edge of the curb was about five inches from the post,—the barber's sign,—and the gutter next the curb was about twenty inches below the level of the sidewalk. The street a few feet away from the curb was higher than the bottom of the gutter. Defendant had in its employ a driver who was driving a team attached to a wagon, on which were loaded some supplies to be delivered at the plumber's. The wagon, with the load, was heavy, and in backing the wagon up to the curb,

after it reached near the curb it came back with much force, and the platform of the wagon projected farther back than the outer edge of the hinder wheels of the wagon, so that when the wheels rested against the curb the platform extended over the sidewalk, projecting five or more inches. As the driver thus backed his wagon, the platform, so projecting over the sidewalk, struck the post and knocked it over, and as it was about to fall the driver called to those on the sidewalk to catch the pole. The appellee threw up his hands, but in its fall he was struck by the pole and seriously injured. Suit was brought against appellant as owner of the team and wagon, who had the teamster in its employ, for damages in negligently causing the injury. A trial resulted in a verdict for $3000, which judgment was affirmed on appeal to the Appellate Court for the First District, and this appeal is prosecuted.

The principal questions that arise on this appeal grow out of the refusal of the court to give certain instructions asked by the appellant, the first and second of which were, that the jury should, under this declaration, find for the defendant. The others were as follows:

3. "If you find, from the evidence, that the plaintiff's injuries were caused by the negligence of whoever owned the pole and maintained it there, under the circumstances, and not the result of any negligence on the part of the defendant's driver, then your verdict must be for the defendant.

4. "If you find, from the evidence, that the post was not fastened to the sidewalk, but simply stood there, with two or three small lugs or spikes projecting an inch and a half or two inches into the sidewalk, and if you also find that leaving the post in that manner, under the circumstances, was negligence on the part of the owner of the barber shop, or whoever put it there, and that the defendant's driver, in approaching the post and endeavoring to back the truck up to the sidewalk, used the care

of an ordinarily careful man, under the circumstances, then the court instructs you that the defendant is not liable for any injury which resulted from any negligence of the owner of the barber shop or the owner of the pole, and your verdict must be for the defendant.

5. "The court instructs you that the driver had the right to back up at the place he did, regardless of any poles or posts, unless you find, from the evidence, that there was something in the appearance of the pole and drum and surroundings which would lead a man of ordinary prudence to choose another place. No man, if he exercises ordinary care under all the circumstances, is obliged to avoid poles or posts, or choose one place in preference to another. The driver, if in the exercise of ordinary care, had the right to rely upon the appearance of the barber's pole, and govern his horses and truck accordingly.

6. "If you find, from the evidence, that the defendant's driver, when he saw that the post was about to fall, called to the plaintiff to catch the post, and that the plaintiff, in obedience to a request of the driver, left a place where he would not have been hit by the post if he had remained, and tried to catch the post, and was thereby injured by its fall, your verdict must be for the defendant.

7. "It is not sufficient, in this case, for the plaintiff to prove, simply, that he was injured by the falling of the barber's pole, and that the defendant's truck hit the pole and knocked it over. That is not enough. You can not presume that the driver of the truck was careless simply because the pole was knocked over and the plaintiff injured, but the plaintiff must show, by a preponderance of the evidence, that in backing around and in hitting the pole the driver was negligent,—that he did it in a careless and negligent manner; and if you find, from the evidence, that the driver, under all the circumstances, managed his horses and truck in the ordinary and usual

manner, and with ordinary skill and care, then your verdict must be for the defendant. You cannot render a verdict for the plaintiff unless you are able to say, from the evidence, that in the handling of his truck and horses the driver was negligent, and if the evidence shows that the driver exercised the usual care and caution of an ordinarily careful man, under the circumstances, you must render a verdict for the defendant.

8. " The court instructs you that the defendant's driver had a right to assume that whoever owned the post and maintained it there had exercised reasonable care and caution in fastening it to the sidewalk, so that it would not be dangerous to people upon the sidewalk or to teams in the street; and if you find, from the evidence, that there was nothing about the post to indicate that it was not fastened to the sidewalk, and that the defendant's driver, in all that he did, exercised the care and caution of a reasonable and careful man, then your verdict must be for the defendant. "

Which instructions were refused by the court, and the refusal assigned as error.

Messrs. WALKER & EDDY, for the appellant.

Mr. F. M. WILLIAMS, for the appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Questions of fact arising on this record are determined by the adjudication of the Appellate Court, consonant with the finding of the trial court. We find no error in the admission or exclusion of evidence.

The question arising on the refusal of instructions asked by appellant depends upon and must be determined as to whether there is evidence tending to show appellant's servant guilty of negligence. The evidence shows that for about eighteen months preceding the injury to appellee this barber's sign had stood as it was

immediately preceding the time it was knocked over and injured appellee. During all that time it was not a cause of injury to anyone. Its weight and the manner in which it stood on the sidewalk were such that it was not dangerous, of itself, as it thus stood. But for the intervention of a new force sufficient to cause the misfortune, it is plain that no injury would have resulted. The natural and probable result of placing a sign of that character in such a position and place was that it would probably remain in that position, though not well secured. Where such is the probable result of so placing it, and by reason of some wrongful or negligent act, as, a new cause, injury results, even though not safely fastened, that new act may be regarded as the proximate cause. The rule may be stated, that if, subsequently to the original wrongful or negligent act, a new cause intervened of itself sufficient to stand as the cause of the injury, the former must be considered too remote, unless the original wrongful act was, in and of itself, a violation of some law or ordinance. *Seale* v. *Gulf, Colorado and Santa Fe Railway Co.* 65 Tex. 274; *Cuff, Admx.* v. *Newark and New York Railroad Co.* 35 N. J. 17; *Insurance Co.* v. *Tweed,* 7 Wall. 44.

The evidence shows the position of this pole which caused the injury. The act of the driver of the team attached to this wagon which was backed up at that point and struck and knocked over the pole, was a fact to be considered by the jury in determining as to whether the defendant was guilty of negligence. The fact that the platform of the wagon, when backed against the curb, would project over the sidewalk, ought to have been known by the servant of appellant in charge of the wagon, and appellant must be held to have known it. The position of this barber's pole on the sidewalk, and its proximity to the curb, were facts that it was the duty of appellant's servant to observe. That the wagon, when backed up at that place so that the wheels would rest against the curb, would cause the platform to project

so as to strike against the pole, would necessarily follow as a fact known to appellant's servant. Such being the case, the duty rested on the servant to examine to see if, by thus backing up so as to strike the pole, it was so fastened that it would not be knocked down by the projecting platform. It is not claimed that any care was taken by appellant's servant in that behalf. Whether the backing of the wagon, with the platform projecting over the sidewalk so as to strike and knock over the pole, was the proximate cause of the injury, and whether the servant had knowledge that such result would follow unless the post was securely and safely fastened, (and required an examination to determine that fact,) were questions for the jury to determine.

Whether there was negligence on the part of the servant of the appellant being a question for the jury, and the facts proven being such as tended to show negligence, there was no error in refusing the first and second instructions asked by the defendant, which were to the effect that the facts were such that the plaintiff could not recover. The fact that the barber's pole was placed on the sidewalk and not securely fastened may have been a wrongful, negligent act on the part of the owner of the pole. That it was permitted to remain on the walk in that condition may have been a wrongful, negligent act on the part of the city. Whether the manner in which it was knocked over was a wrongful, negligent act on the part of the servant of appellant that was the proximate cause of the injury, was the primary question that was the subject of inquiry before the jury. Negligence is the omission to do something which a reasonable man, guided by those ordinary considerations which ordinarily regulate human affairs, would do, or the doing of something which a prudent and reasonable man would not do. *Chicago, Burlington and Quincy Railroad Co.* v. *Johnson*, 103 Ill. 512.

The primary question for the jury to determine being whether the defendant's servant was guilty of negligence which was the proximate cause of the injury, and their province being to further determine whether, by commission in doing some act which ought not to have been done, or by omission to do some act which ought to have been done, the injury resulted, in either event the inquiry before them was with reference to the acts of the defendant's servant, alone. It was not their province to compare and determine as to the negligence of others not parties to the action; and as we have stated the rule herein to be, that if, subsequently to the original wrongful or negligent act, a new cause intervened of itself sufficient to stand as the cause of the injury, the former must be considered too remote, no inquiry as to the former wrongful or negligent act upon the part of the owner of the pole, or of the city, could properly be submitted to the jury, and the refused instructions which sought to state, as a proposition of law, that the negligence of the owner of the pole in placing it on the sidewalk relieved the defendant from liability, did not state a correct proposition of law. The first, second, third, fourth and eighth instructions were properly refused.

The fifth and seventh instructions were properly refused, as they sought to state, as a matter of law, that the driver had a right to assume the post was securely fastened, and sought to make the negligence of the driver turn on the question of the manner of managing his team, without reference to any care in determining the effect of a heavy wagon with great force striking such an object.

The sixth instruction sought to state, as a matter of law, that the plaintiff failed to exercise ordinary care, without leaving it to the jury to determine whether, under all the circumstances, the plaintiff exercised the care of an ordinarily prudent person. There was no error in the refusal of instructions.

The defendant asked the court to submit to the jury certain special findings, the first and third of which were refused.   Those refused were as follows:

"*First*—Do you find, from the evidence, that the pole was not properly and securely fastened to the walk, and that the accident was the natural and probable consequence of the negligence of the owner of the pole, and not the result of any negligence on the part of the driver?"

"*Third*—Do you find, from the evidence, that the plaintiff, when the pole was falling, and before it reached him, held up his hands, either to catch it or for any other purpose, and that by the exercise of ordinary care he could have stepped to one side, or remained at one side, and so avoided being injured?"

The first proposition asked the jury to find, first, was the pole properly secured; second, was the accident the natural and probable result of the negligence of the owner of the pole; and third, that the injury was not the result of the negligence of the driver.   Special findings submitted to be found by a jury should be such as submit to them single, direct and plain questions, to be answered by a direct answer.   The question as to whether the pole was properly secured was not a material question.   The only material fact to be found, submitted in that proposition, was as to whether the injury was the result of negligence on the part of the driver.

The third proposition ignores a material fact appearing in the evidence.   It is shown that when the driver saw the pole was about to fall, he called to those near to catch the pole; and as the third proposition sought to have a special finding as to whether the plaintiff used due care and caution, it is not to be determined by submitting as a special finding certain but not all the facts, and ask a conclusion from that.   It was not error to refuse to submit those propositions.

The question presented on this record as to what was the answer of the juror Ohman on his *voir dire*, was a controverted one, and we are not disposed to disturb the action of the trial and Appellate Courts thereon.

We find no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*