[No. 1343.  Decided May 21, 1894.]

JOSEPH H. SEXTON AND WILLIAM G. MERRYWEATHER, *Respondents*, v. SCHOOL DISTRICT NO. 34, SPOKANE COUNTY, *Appellant*.

ACTION AGAINST SCHOOL DISTRICT FOR MATERIALS FURNISHED CON-
TRACTOR — INSTRUCTIONS — EXCEPTIONS.

Under Laws 1893, p. 112, § 4, the grounds of objection to an instruction need not be stated in the exception thereto.

Where the court, throughout its instructions, gives undue prominence to the testimony of plaintiffs, and makes no reference to the testimony offered by defendant, except in the most general terms, the instructions must, when the testimony is conflicting, be held erroneous on the ground that they do not fairly submit the cause to the jury.

In an action by material men against a school district, founded on its failure to take a bond from a contractor employed in the construction of a school building, where there is evidence showing that the lumber sued for was furnished to a firm of which the contractor was a member, and not to the contractor for use in said building, in addition to evidence of a charge upon plaintiffs' books which showed a sale to the firm instead of to the individual contractor, an instruction "that if plaintiffs satisfy your mind that there was a mistake [ in making the charge ] and the evidence is not in conflict, you will find that there was a mistake, and that the goods were sold to the contractor," is misleading, as it makes the whole question as to whom the lumber was sold turn upon the way it was charged upon the books of plaintiffs, and whether it was so charged by mistake.

*Appeal from Superior Court, Spokane County.*

*R. B. Blake,* and *F. T. Post,* for appellant.

*Herman D. Crow,* and *Richardson & Gallagher,* for respondents.

The opinion of the court was delivered by

SCOTT, J. — The appellant contracted with one Schenck for the erection of a school house, but took no bond as is

required by § 2415, Gen. Stat., to secure the pay for laborers and for materials furnished. The respondents brought this action to recover pay for certain lumber which they claimed to have sold to Schenck to be used in the erection of said building, and which they claimed was so used. Appellant denied that the respondents had furnished any lumber to Schenck or for said building, but claimed they had sold the lumber in question to a firm, Schenck, Dittmer & Co., of which Schenck was a member. The evidence was conflicting on this point. The jury found a verdict for the respondents, and an appeal was taken.

One of the points alleged is, that there was no evidence to sustain the verdict, but after an examination of the proofs we think this point is not well taken. It is further contended that the court erred in the instructions given to the jury, and especially in giving the following:

"2d. In determining the question as to whom such materials were sold and delivered you will take into consideration all the circumstances surrounding the parties to this action and the parties to said sale as disclosed by the evidence and also what the plaintiffs say as to whom they sold and delivered the materials. (To the giving of which instruction the defendant then and there, at the proper time, excepted.)"

It is urged that this instruction is erroneous on the ground that it especially calls attention to the testimony of the plaintiffs—"what the plaintiffs say" respecting the sale—and gives such testimony undue prominence, thereby impressing the jury with its importance, to the exclusion of the testimony offered by the defendant upon this point. Respondents contend that this court cannot consider the instructions, for the reason that no sufficient exception was taken thereto; that the exceptions must specify the grounds of objection. But we are of the opinion that this point is not well taken, under our present appeal law, which was in force at the time this action was tried. This

act seems to provide that an exception can be taken to an instruction by simply stating to the court that the party excepts to the same and specifying the instruction excepted to (Laws, 1893, p. 112, § 4), and we are constrained to hold that the exceptions in this case are sufficient.

We are also of the opinion that the instructions are erroneous as claimed. We might not so hold if the above was the only one wherein the court had specifically referred to the plaintiffs' testimony; but several such references were made, and there was nothing elsewhere in the charge to counteract the effect thereof. No reference was made throughout such instructions to the testimony offered by the defendant, except in the most general terms, as by a reference to all of the circumstances; and upon reading said instructions we are impressed with the idea that the trend thereof was to give undue prominence to the testimony of the plaintiffs, to the exclusion of the testimony offered by the defendant, and the result was that the cause was not fairly submitted to the jury.

It is further contended that the court erred in instructing the jury "that if they [meaning the plaintiffs] satisfy your mind that there was a mistake [referring to the charge on the books], and the evidence is not in conflict, you will find that there was a mistake and that the goods were sold to Mr. Schenck." We think this was likely to mislead the jury, for there was no conflict, except perhaps remotely and indirectly as the result of other testimony, as to the explanation offered by the respondents as to how the lumber came to be charged on their books to the firm instead of to Schenck individually, the force of which they sought to avoid. They claim it was due to a mistake. There was other evidence, however, introduced by appellant, independent of the charge on respondents' books, to show that the sale was made to the firm, and the jury might lose sight of this, or not properly consider it, in consequence of thus

having their attention directed to the fact that there was no conflict respecting the explanation offered as to the charge on the books. If the jury was satisfied, it was immaterial whether there was any conflict, and it was unnecessary to refer to it. It was no doubt inadvertently done, but as there was no direct conflict in the particular referred to, so directing attention to it very likely resulted in harm to appellant. Nor, as appellant claims, would it necessarily follow that the lumber was sold to Schenck, although the respondents had intended to charge it to him and not to the firm.

Reversed.

DUNBAR, C. J., and ANDERS, HOYT and STILES, JJ., concur.