[No. 7399. Decided May 15, 1909.]

MINNIE W. HARKINS *et al.*, *Respondents*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

CARRIERS—NEGLIGENCE—TAKING UP PASSENGERS—PLATFORM AND LIGHTS. There is sufficient evidence of negligence on the part of a street railway company to make a case for the jury, where it appears that an intending passenger was struck by an approaching car while she was standing on the first or second step at the bottom of a stairway leading down to defendant's tracks, on a crossing used by the public, very near the end of defendant's platform intended for passengers, that passengers were in the habit of getting on and off the cars from the stairs, that the place was very poorly lighted and the night so dark that the plaintiff could not see that she would be struck by the car, and the car was going at considerable speed and her signal to stop was not heeded by the motorman.

SAME—CONTRIBUTORY NEGLIGENCE. In such a case, the plaintiff was not guilty of contributory negligence as a matter of law.

SAME—INSTRUCTIONS—DUTY TO STOP FOR PASSENGER. Instructions as to the duty of a motorman to keep a lookout for passengers are not erroneous in that they were not restricted to regular stopping places, where the evidence and circumstances of the case related only to a regular stopping place.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS—STATING REASONS—ASSIGNMENT OF ERRORS. Where an exception to an instruction that a street railway company owes the highest degree of care to avoid injury to one who is about to become a passenger is excepted to because it "did not leave to the jury the question whether the plaintiff presented herself at the proper time and place," error cannot be assigned thereon for the reason that the company owes such degree of care only to persons who had already become passengers, notwithstanding that it was unnecessary to state the reasons for the exception under Bal. Code, § 5053.

RUDKIN, C. J., MORRIS, and CHADWICK, JJ., dissent.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 21, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger who was struck by a street car. Affirmed.

[1]Reported in 101 Pac. 836.

*James B. Howe* and *A. J. Falknor*, for appellant.

*P. V. Davis*, for respondents.

PARKER, J.—This is an action to recover damages for personal injuries, which plaintiffs maintain resulted to the plaintiff Minnie W. Harkins from the negligence of the defendant. It is alleged by the complaint, in substance, that plaintiffs are husband and wife; that the defendant is a corporation and a common carrier of passengers, owning and operating a street railway system; that on the evening of the 21st of January, 1906, at about 8:30 o'clock, the plaintiff Minnie Harkins, without negligence on her part, was standing, waiting to take a car at one of defendant's regular stopping places for taking on passengers, when she was suddenly and violently struck by one of its cars, through the negligence of the defendant and its servants; by which she was greatly and permanently injured; that the defendant negligently maintained and suffered said place to be and remain in a dangerous and unsafe condition, in that it was in dangerous proximity to defendant's tracks, and that it was not properly lighted or guarded; that the defendant's servants in charge of the car were negligent in not keeping a proper lookout ahead, and in not stopping the car or giving her proper warning of their intention not to stop; and that the plaintiff was greatly damaged by such injuries.

The defendant by its answer denied all of the allegations of negligence charged against it in the complaint, denied that plaintiff was damaged, and also affirmatively pleaded that the injuries, if any, received by the plaintiff were caused by her own careless and negligent acts. Upon these issues a trial was had before the court and a jury, resulting in a verdict and judgment for $700 against the defendant, from which it appeals to this court, assigning errors which we will review in the order of appellant's brief, noticing the facts pertaining to each as may become necessary.

It is first contended that the trial court was in error in

denying defendant's motion for a nonsuit at the close of
plaintiffs' evidence, which motion was made upon the grounds
that no sufficient evidence had been introduced to show neg-
ligence on the part of the defendant to warrant the court in
submitting the cause to the jury. At this point in the trial
the evidence offered by plaintiff tended to show, that when in-
jured she was standing on the first or second step at the bot-
tom of a stairway leading down to defendant's tracks from a
roadway some six feet above, the bottom step being so close to
the track that a person standing thereon, unless inclined away
from the track, would be struck by the body of a passing car;
that the stairs were on a crossing used by the public, and were
also very near the end of a platform intended for passen-
gers in getting on and off the cars; that passengers were
also in the habit of getting on and off the cars from the stairs;
that at the time of the accident, about 8:30 in the evening,
the place was very poorly lighted; that it was a dark and
somewhat foggy night; that there were no artificial lights
maintained by the defendant either on the platform or the
stairs, though there were three sixteen candle power incan-
descent electric lights some twenty feet away, so situated
however as to throw the platform in the shadow of other ob-
jects, making it quite dark, and also leaving the proximity
of the track to the lower part of the stairs not readily dis-
cernible; that plaintiff had never boarded the cars at this
place before, but had passed there on the cars, had seen peo-
ple get off and on, and supposed they had gotten off and on
from the place where she was standing; that it was so dark at
the platform that she could not see it from where she was
standing; that when the car approached she waived her hand
several times for it to stop; that the motorman apparently
did not heed her signal; that she could see the headlight as
the car approached, but not the outline of the body of the
car; that she was then struck by the body of the car, knocked
down and seriously injured; that the car was running at
considerable speed when passing the steps, the motorman

not being able to stop until it had run a considerable distance, one witness placing the distance as much as a hundred yards.

The only witness who actually saw the accident besides plaintiff, testified that he was standing at the top of the stairs, that he saw plaintiff standing at the bottom, and that "It was so dim that I don't see how a person standing down there where she was could see at all." We think this evidence pointing to defendant's negligence was ample to warrant the submission of the cause to the jury, and that defendant's motion for nonsuit was properly denied.

At the conclusion of the trial defendant's attorneys moved for judgment upon the evidence, and later moved the court for judgment for the defendant notwithstanding the verdict. We do nót see any stronger reasons in support of these motions than could have been urged in favor of the original motion for nonsuit. The case, in our judgment, was still a proper one to submit to the jury. Substantially the only difference being that there was, at the close of the trial, conflict in the evidence upon some of the main facts; and the evidence of plaintiff's contributory negligence was not sufficient to take the case from the jury.

Defendant's counsel contend that the trial court erred in giving the following instruction:

"You are instructed that it is the duty of the motorman of a street car to keep a careful and constant lookout ahead of the car for the purpose of discovering any persons signaling the car to stop, in order that such passenger may board it, and any person who signals the car to stop in time to enable the motorman to do so by the exercise of ordinary care has a right to assume that such motorman is on the lookout for passengers, and will discover persons who so indicate their intention of becoming passengers, if the same could be done by the exercise of ordinary care on the part of the motorman."

Counsel argue that the giving of this instruction was not applicable to the cause and was prejudicial to the defendant, contending that; "It is not necessary for the motorman to

keep a constant lookout ahead of the car to discover persons signalling the car to stop. It is only when such signals are made at the proper place, and it is only at the regular stopping places that it is the duty of the motorman of a street car to keep a careful lookout ahead to discover intended passengers." Conceding for sake of argument that the motorman was not required to keep such constant lookout, other than at regular stopping places where passengers might be expected, we think, nevertheless, the place where the plaintiff is conceded to have stood and signalled was so near the platform which the defendant claims was the proper place for her to be that the jury were not led astray into considering the motorman's duty in that regard at places other than stopping places. She was, in any event, within a few feet of the platform and within a foot or two of the track, and on a step as high or higher than the platform, as well as at a point where the general public crossed the track. Standing alone, as a mere abstract proposition of law, possibly this instruction states a little more than the full duty of the motorman, but it does not state more than his full duty at the place of the accident; and taking the instruction in connection with other instructions given, and the evidence, none of which related to any other place on the defendant's line of railway, it is evident that the jury as reasonable men must have known that the court was defining the motorman's duty in approaching that particular stopping place and crossing.

In the case of *Allend v. Spokane Falls & N. R. Co.*, 21 Wash. 324, 335, 58 Pac. 244, this court said:

"An instruction must always be construed in the light of the evidence in the particular case in which it is given, and, if applicable to the evidence of that case, it will not be held erroneous, even though conditions may be conceived where it would not be a correct statement of the law."

We conclude that the giving of this instruction did not constitute prejudicial error.

Error is claimed by the defendant's counsel based upon exceptions taken to one of the court's instructions as follows:

"The defendant excepts to that portion of the court's instructions whereby the court states, 'it is the duty of the defendant, its officers, agents and employes engaged in the operation of such railway and cars, to use the highest degree of care, prudence and caution, consistent with the practical operation of its said road, so as to avoid injuring those who want to board the car and become passengers,' as this instruction does not leave to the jury the question of whether or not the plaintiff presented herself at a proper time and in a proper place to become a passenger."

In their brief and argument on this appeal, counsel for defendant ignore the grounds and reasons of their exceptions stated to the trial court as above quoted, and now contend that the instruction imposes upon the defendant a higher degree of care than is required by law, and that the rule of the instruction is only applicable as to persons who have become passengers. Plaintiffs' counsel contend that this alleged error should not be considered on appeal, for want of proper exceptions, which contention we regard as well founded. We are not now asked to test the correctness of this instruction in the light of the court's failure to present to the jury the question of whether or not the plaintiff presented herself at the proper place to become a passenger, but are asked to review a different question which was not called to the attention of the lower court. We are not unmindful of the general rule in this state that exceptions to instructions can be properly taken by simply so stating to the court and specifying the parts excepted to without assigning reasons or grounds of exception. Bal. Code, § 5053 (P. C. § 670) ; *Sexton v. School District*, No. 34, 9 Wash. 5, 36 Pac. 1052. But notwithstanding this liberal rule of our statute, the object and purpose of exceptions, which are the same now as before the statute was passed, should be kept in mind when their sufficiency is being challenged. It is elementary that the office of an exception is to call the attention of the court to some specific

matter as to which error is claimed. 2 Cyc. 714. And when counsel except to an instruction, and at the same time claim that the same is erroneous in certain particulars and for certain reasons, we think he waives other grounds of error which might be urged against the instruction, so far as his right to have the same reviewed on appeal is concerned. In the case of *Sweeney v. Pacific Coast Elevator Co.*, 14 Wash. 562, 45 Pac. 151, referring to an instruction excepted to in a manner similar to this, this court said: "Only one of the instructions given is questioned here and that one was especially excepted to upon a different ground from that now urged, and for that reason it is not entitled to consideration." That decision was rendered some years after passage of the statute.

We find no prejudicial error in this record, and the judgment of the superior court is therefore affirmed.

CROW, MOUNT, DUNBAR, GOSE, and FULLERTON, JJ., concur.

RUDKIN, C. J., MORRIS, and CHADWICK, JJ., dissent.