## A. H. Thompson, Appellee, v. St. Louis, Iron Mountain & Southern Ry. Co., Appellant.

NEGLIGENCE—*effect of concurring.* In order to make the master liable his negligence need not be the sole cause of the injury and to show that other causes concurred in producing the injury is no defense.

Action in case for personal injuries. Appeal from the Circuit Court of Randolph county; the HON. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912. *Certiorari* denied by Supreme Court (making opinion final).

RALPH E. SPRIGG and L. O. WHITNEL, for appellant; MARTIN L. CLARDY and WHITNEL, BROWNING & GILLESPIE, of counsel.

WILLIAM M. SCHUWERK and A. E. CRISLER, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

The second count of the declaration in this cause charged the appellant with negligence in the management and control of its train whereby appellee while in the exercise of reasonable care was struck by a piece of timber and injured. The third count was treated as a charge of inflicting the injury wilfully, but there was not sufficient evidence of wilfulness to support it. The trial resulted in a verdict and judgment in favor of appellee.

The transcript of the evidence discloses the following undisputed facts. Appellant was engaged in having constructed an additional track along its railway then in operation, and as part of the new track a bridge was being built some eight hundred feet south of Raddle Station. Trains were being regularly operated on the old track. The old and new tracks were parallel and about thirteen feet apart from the center of each track. The old track ran over a bridge also. The bridges were one hundred and ninety-six feet in length and being over the same opening were at the same point. Appellant had let the contract for building the new track including the bridge to the Walsh Construction Company who had sublet it to Wyatt and Sutherland, by which latter company appellee with a gang of men working with him upon the bridge was employed. The men went to work on the new bridge at seven o'clock in the morning and some of the gang had carried some timbers and placed them on the dump or embankment between the bridges near the south end. In doing this a large piece of timber in size 3x10 inches and about sixteen feet long was placed in such a way that one end of it projected over and on the track over which appellant was operating its trains.

While appellee was engaged in spiking planks on the
south end of the new bridge, near the projecting timber
above mentioned, a passenger train came from the
south, struck the timber hurling it against appellee,
and causing his injury.   The injury occurred about
eight o'clock in the forenoon.   The controverted ques-
tions arising upon the second count of the declaration
were whether the appellee was free from negligence
contributing to his injury and whether appellant was
guilty of a want of ordinary care.

The weight of the evidence shows that appellee did
not place the timber in the position it was when struck
by the train, but that it was placed there by others who
were working in the same gang.   This would relieve
appellee himself of the charge of negligence in this
regard, but if his injury was occasioned solely by the
negligence of a fellow servant he could not recover and
this defense is urged by appellant.

If it be conceded that the persons who placed the
timber so it projected upon the track were fellow serv-
ants of appellee, and were guilty of negligence in so
doing, this would not bar appellee's right to recover
against appellant if it was guilty of negligence which
contributed to appellee's injury, and appellee was us-
ing ordinary care himself.   Elliott on Railroads, Vol.
3, Par. 1333b.

The rule is well settled that the defendant's negli-
gence in order to make him liable need not be the sole
cause of the injury and to show that other causes con-
curred in producing the injury is no defense in an
action for negligence.   Wolff Manf. Co. v. Wilson, 152
Ill. 9; Elliott on Railroads, supra.

In addition to the evidence referred to as undis-
puted there was evidence that appellant had notice
that the gang of men were working upon the new
bridge in close proximity to the old one and in recogni-
tion of the dangers of running at high speed over the
old bridge had issued an order to those in the manage-

ment of trains to slow down to a speed of ten miles an hour at that place. There is a sharp conflict in the evidence as to the speed of the train when it struck the timber. While the engineer fixes it at ten miles an hour, other witnesses fix it from twelve to twenty miles, and the conductor who had been such for ten years, said he could tell how fast he was running and he fixed the speed at fifteen miles an hour. The engineer said at a speed of twelve miles per hour he could have stopped the train within sixty feet. There was also a conflict in the evidence whether sufficient signals under the conditions there, were given of the approach of the train. It further appeared it was a clear, bright day and that the timber was an obstacle on the bridge which could have been easily seen a sufficient distance to have avoided the collision if the train had been under control and the timber seen by the engineer. Under all these circumstances with a number of men at work upon the new bridge, it was a question of fact for the jury whether appellant whose duty it was to use reasonable care commensurate with the danger, was guilty of negligence that contributed to and was the proximate cause of appellee's injury, and the court did not err in refusing to direct a verdict for appellant.

Complaint is made that the court excluded evidence of a contract between the contractor and subcontractor for the building of the bridge and track, and also excluded evidence of who employed appellee and paid him, and that the contractors and subcontractors were financially responsible and engaged in the work as independent contractors.

The only question at issue was whether the appellant was guilty of negligence in the operation of the train which contributed to plaintiff's injuries while he was in the exercise of care and the proffered evidence was irrelevant and there was no error in excluding it. Wolff Manf. Co. v. Wilson, *supra*. The same reasoning applies to all refused instructions based upon the subjects

of contractors, employers, fellow servants and assumed risk. Besides there was no question involving the relation of master and servant.

We have examined the instructions given on behalf of appellee and they seem to us to state the law applicable to the case and conform to the views expressed in this opinion. It is said they ignore the question of proximate cause. We think not. They tell the jury that if appellant negligently struck the timber and produced the injuries complained of while appellee was exercising care it would be liable, and if this was true it was the proximate cause of the injury even if not the sole cause, which was not necessary to a recovery. Appellant complains of the refusal of instructions 3, 6, 7, 8, 9, 10, 11 and 12. Numbers 3, 6, 7, 8, 9, 10 and 11 are all based upon the proposition that if the proximate cause of appellee's injury was the negligence of the contractors or subcontractors or the fellow servants of appellee he could not recover. The instructions were not limited to the sole cause, and were therefore inaccurate.

There was evidence to show the injury was caused by the combined negligence of appellant and other persons, and if by such combined negligence the proximate cause was due to both, it would have been erroneous to instruct the jury that if the proximate cause was due to the negligence of one it would excuse the other without limiting it solely to the negligence of that one. The instructions should have in apt words excluded negligence on the part of appellant.

Instruction No. 12 refused, is based on count No. 1 of the declaration. No such count is incorporated in the record. We find no reversible error and the judgment of the circuit court being supported by the evidence is affirmed.

                                        *Affirmed.*