[No. 16691.   Department One.   November 16, 1921.]

B. F. REED, *Appellant*, v. TACOMA RAILWAY & POWER COMPANY, *Respondent*.[1]

STREET RAILROADS (34)—ACTIONS FOR INJURIES—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for injuries resulting from a collision between a street car and an automobile, an instruction that if the driver of the automobile erred in thinking she had time to drive upon the car tracks and off again before the car reached her, while in fact she did not have sufficient time, she could not recover, was erroneous, since error of judgment is not necessarily negligence.

SAME (34)—INSTRUCTIONS—FAMILIARITY WITH LOCATION. Familiarity or lack of familiarity by the driver of an automobile with the location and situation of street car tracks and the several streets at the place of a collision between a street car and an automobile has nothing to do with the question of the driver's contributory negligence in driving on a car track in front of an approaching street car.

SAME (33)—INSTRUCTIONS—MANAGEMENT OF CAR. An instruction in an action for personal injuries resulting to an occupant of an automobile from a collision with a street car which tells the jury that if the motorman "after he saw the plaintiff drive said automobile near the tracks in front of said car, before the car struck him, used such care and diligence as an ordinarily prudent and careful person would have used under the circumstances in which he was placed to slacken the speed of the car in time to avoid the collision then there was not negligence on the part of the defendant," is erroneous as being confusing and assuming that the motorman saw the automobile in the position indicated.

[1]Reported in 201 Pac. 783.

TRIAL (107)—EXCEPTIONS TO INSTRUCTIONS—MODE OF MAKING. Exceptions to instructions given need not specifically point out the errors therein, under Rem. Code, § 384, which requires only that the particular instruction or part of instruction be pointed out.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 28, 1921, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained in a collision. Reversed.

*Williamson, Freeman & Broenkow* and *Warren H. Lewis,* for appellant.

*F. D. Oakley,* for respondent.

BRIDGES, J.—This is a personal injury case. It has once before been in this court. *Reed v. Tacoma Railway & Power Co.,* 110 Wash. 334, 188 Pac. 409. The general facts are stated in that case, where the judgment of nonsuit was reversed. At the second trial, there was a verdict for the defendant, and the plaintiff has appealed from a judgment dismissing the action.

For the purpose of our discussion here, it will not be necessary to say more than that the plaintiff was in his automobile, being driven by his daughter. At about midnight they were driving northerly on that part of Yakima avenue which goes through Wright Park. That avenue intersects Division avenue, from which at this point starts North First street. The street car tracks come from the west on Division avenue, and at the general intersection leave that avenue and run northeasterly on First street. The driver of the automobile testified that she did not see the oncoming street car till she was very close to the track; that she suddenly found herself in a position of danger; that in the emergency she decided she was too close to the car track to stop, and that she concluded the best thing

to do was to attempt to get across the tracks before the street car, which was close by, could strike her; that she was unable to get across in time to avoid a collision; that the street car hit the rear portion of the automobile, and plaintiff, her father, was injured and the automobile damaged.

The appellant complains of the following instruction given by the court to the jury:

"You are further instructed that if the plaintiff's daughter thought she had time to drive upon the tracks of the defendant and off of them again, before the car of the defendant would reach her and did not have sufficient time so to do, then it was an error in judgment on the part of the plaintiff's daughter, and the plaintiffs cannot recover, and your verdict must be for the defendants."

This instruction does not correctly state the law. Error of judgment is not necessarily negligence. The correct test in cases of this character is, did the person act as a reasonably prudent person would have acted under similar circumstances? The mere fact that one errs in judgment is not conclusive proof that he did not act as a reasonably prudent person would have acted under like circumstances. The driver of the automobile admitted that, in the emergency, she thought she would be safer in making an effort to get across ahead of the street car. It will not do to say that, simply because her judgment proved to be bad, she did not act as a reasonably prudent person would have acted under the circumstances. One may be mistaken as to the best course to pursue, without being guilty of negligence as a matter of law.

On page 216, Shearman & Redfield on Negligence (6th ed.), the rule is stated as follows:

"Care must be proportioned to the circumstances. In either case, the plaintiff is bound to take that de-

gree of care which persons of ordinary care and prudence are generally accustomed to use under similar circumstances, but no more. It is not enough that he should use 'his own best judgment'. That is not the proper test. Nor, on the other hand, is it always necessary 'to exercise the best judgment, or to use the wisest precaution.' "

In the case of *Berg v. City of Milwaukee,* 83 Wis. 599, 53 N. W. 890, the court said:

"In the same connection the court charged the jury, in effect, that if the plaintiff was at the time 'using his best judgment', and it turned out that in doing so he had fallen into error, that was 'not to be imputed to him as negligence'. This made the plaintiff's best judgment the standard of care which he was required at the time to exercise, instead of the well established standard fixed by the law."

In the case of *Lent v. New York Cent. & H. R. R. Co.,* 120 N. Y. 467, 24 N. E. 653, the court said:

"The test of contributory negligence or want of due care is not always found in the failure to exercise the best judgment or to use the wisest precaution. Some allowance may be made for the influences which ordinarily govern human action, and what would under some circumstances be a want of reasonable care might not be such under others."

In the case of *"The Germanic,"* 196 U. S. 589, 49 L. Ed. 610, the court said:

"But it is a mistake to say, as the petitioner does, that if the man on the spot, even an expert, does what his judgment approves, he cannot be found negligent. The standard of conduct, whether left to the jury or laid down by the court, is an external standard, and takes no account of the personal equation of the man concerned. The notion that it 'should be coextensive with the judgment of each individual' was exploded, if it needed exploding, by Chief Justice Tindal, in *Vaughan v. Menlove,* 3 Bing. N. C. 468."

The following cases support the doctrine announced: *Wolff Manufacturing Co. v. Wilson*, 152 Ill. 9, 38 N. E. 694, 26 L. R. A. 229; *McKennan v. Omaha & C. B. St. R. Co.*, 97 Neb. 281, 149 N. W. 826; 20 R. C. L. p. 26; Thompson, Negligence (vol. 2), § 1669; 29 Cyc. 521; Labatt, Master & Servant (2d ed.), page 2413. The case of *Olson v. Erickson*, 53 Wash. 458, 102 Pac. 400, although not directly in point, is so in substance.

In this connection we may discuss the following instruction requested by the appellant and refused by the court:

"I instruct you that contributory negligence is not necessarily the same as mere mistake of judgment. A person may make an error of judgment which may in some degree contribute to his injury, and he may yet be free from contributory negligence. In determining in this case whether the plaintiff's daughter was guilty of contributory negligence, the test is, whether she acted as an ordinarily careful and prudent person would have acted under all the circumstances which surrounded her at the time and place of the collision; and in this connection, you have the right to take into consideration her familiarity or lack of familiarity, if any has been shown, with the location and situation of the defendant's street car tracks and the several streets at the place of the accident. Her guilt or innocence of contributory negligence is not necessarily based upon the accuracy of her judgment."

For the most part this requested instruction correctly stated the law on the subject. But that portion of the request reading as follows was improper:

"—and in this connection, you have the right to take into consideration her familiarity or lack of familiarity, if any has been shown, with the location and situation of the defendant's street car tracks and the several streets at the place of the accident."

Familiarity or lack of familiarity by the driver of the automobile with the location could have nothing to

do with the subject. Consequently the court did not err in refusing to give the request.

Appellant also claims that the following instruction given by the court was error:

"You are further instructed that if you find from the evidence that the plaintiff's daughter was guilty of contributory negligence in driving the automobile upon the defendant's tracks, without looking for an approaching car, or otherwise using her faculties to ascertain whether or not a car was approaching, and if you further believe from the evidence that the defendant motorman in charge of said car, after he saw the said plaintiff drive said automobile near the tracks in front of the said car, before the said car struck him, used such care and diligence as an ordinarily prudent and careful person would have used under the circumstances in which he was placed to slacken the speed of the said car in time to avoid the collision, then there was not negligence on the part of the defendant, and the plaintiff cannot recover."

We have had difficulty in getting at the meaning of this instruction. If the court meant by it to lay down a rule of duty on the part of the motorman, it is too narrow, and in general conflict with other instructions wherein the duties of the motorman were properly given. If by it the court meant to give the law of last clear chance, it is not sufficiently specific. In another instruction the court properly announced the last clear chance doctrine. The instruction was also defective in assuming that the motorman "saw the plaintiff drive said automobile near the tracks, etc." Whether the motorman saw the automobile in the position indicated was for the jury. To say the best of it, this instruction was confusing and ought not to be given at another trial of the case.

Appellant complains that other of his requested instructions were not given. In so far as they correctly

stated the law, they were amply covered by instructions given.

We have not overlooked the argument of the respondent to the effect that the exceptions taken by the appellant to the instructions which we have discussed were insufficient. Its argument is that the exceptions taken do not specifically point out the error alleged to be contained in the instruction. As to the first instructions discussed by us, the exception was as follows: "The plaintiff excepts to the instruction given by the court to the jury as follows—", and then quotes the instruction. Exception taken to the second instruction discussed by us was substantially the same as above. We have no doubt that these exceptions were amply sufficient. Section 384, Rem. Code (P. C. § 7812), provides that exceptions to a charge to the jury may be taken by "specifying by numbers of paragraphs or otherwise the parts of the charge excepted to . . ." It will be observed that the statute only requires the exception to point out the particular instruction or part of instruction which it is claimed is erroneous; it does not require that the reasons or grounds for the exception be given.

In the case of *Sexton v. School District,* 9 Wash. 5, 36 Pac. 1052, it was contended that the exceptions taken were insufficient because they did not point out wherein the instructions were wrong. Referring to the statute which we have quoted, this court said:

"This act seems to provide that an exception can be taken to an instruction by simply stating to the court that the party excepts to the same and specifying the instruction excepted to, and we are constrained to hold that the exceptions in this case are sufficient."

In the case of *Harkins v. Seattle Elec. Co.,* 53 Wash. 184, 101 Pac. 836, the exception taken to the instruction stated the specific objection to it. When the case

reached this court the specific objection was waived, but other objections were urged, and we held that no objection except that which is specifically made as a part of the exceptions could be reviewed. But in that case we recognized the correctness of the rule which we have stated, for we said:

"We are not unmindful of the general rule in this state that exceptions to instructions can be properly taken by simply so stating to the court and specifying the parts excepted to without assigning reasons or grounds of exception."

In the case of *Hofreiter v. Schwabland*, 72 Wash. 314, 130 Pac. 364, concerning exceptions similar to those in this case, we said:

"The charge to the jury was in writing and the exceptions were taken 'by specifying by numbers of paragraphs . . . the parts of the charge excepted to' and were sufficient under the statute."

, Counsel for respondent cites the following cases as holding to a contrary doctrine: *Shoemaker v. Bryant Lumber & Shingle Mill Co.*, 27 Wash. 637, 68 Pac. 380; *Harkins v. Seattle Elec. Co., supra; Johnson v. Seattle,* 113 Wash. 487, 194 Pac. 417. In the *Shoemaker* case *supra,* we said:

"These errors are alleged as to a number of instructions, and are general, such as 'they improperly state the law; are confusing, conflicting, misleading and present false issues not pleaded or proven'. No attempt is made to point out the respects in which they do not state the law or are confusing, etc. . . . These assignments are too general and for this reason we shall not examine them."

It does not clearly appear from the opinion that the exceptions were taken by specifying paragraphs or parts of the charge, as the statute requires, and it may be that the exceptions were general as to a large num-

ber of instructions, and for that reason the court con-sidered the assignments too general.

We have already referred to the *Harkins* case, *supra,* and have sufficiently noticed it.

In the *Johnson* case, *supra,* we said:

"The appellant complains of certain of the instructions given by the court to the jury. To all of these, save one, we think, the exceptions were too general to apprise the trial court of the precise contention made, and that they cannot, for that reason, be reviewed in this court."

This case is not in point because it does not appear from the opinion that the exceptions were taken to particular paragraphs or parts objected to.

We desire to announce the rule that, under the statute, it is not necessary that the exceptions shall state wherein the instruction is wrong.

For the error pointed out, the judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.