Llewellan L. Jewett, *et al., vs.* William Darlington, *et al.*

The following endorsement, upon a mechanic's lien, offered as evidence, showing a filing of the same for record as by law required: "Filed for record at 9 A. M., August 16th, 1877. Recorded page 205, book 6; records, Island county. Robert C. Hill, county auditor." Held not in itself evidence of anything.

Proof that such lien was handed to the auditor after office hours, with request to record, not sufficient proof that the same was recorded.

Error to Third Judicial District holding terms at Seattle.

*McNaught Bros.* for appellant.

*C. H. Hanford* for appellees.

Opinion by Hoyt, Associate Justice.

This was an action brought by the appellees, who were plaintiffs below, for the foreclosure of loggers' liens, on a certain boom of logs owned by the defendant, Jewett, and the Port Blakely Mill Company and Schwabacher Brothers & Company were made defendants, as having, or claiming, some interest in said boom of logs, subsequent to the liens of the said plaintiffs.

The defendant, Jewett, appeared and was defaulted for want of an answer.

The defendant, the Port Blakely Mill Company answered, setting up that they were *bona fide* purchasers of the logs, and by stipulation of all parties, they were allowed to pay into court the agreed value of said logs, as a sufficient compliance with the prayer in the complaint against them.

The defendants, Schwabacher Brothers & Company, answered, denying the allegations of the complaint and alleging, by way of cross-complaint, or as ground for affirmative relief, that they were mortgagees of said property, in good faith, and that their mortgage was entitled to priority as against the liens stated in said complaint, and praying a foreclosure of their said mortgage lien.

The court below rendered judgment in favor of the said

76

lienors, for the amount of their respective liens, and directed their payment out of the proceeds of said boom of logs.

It also rendered judgment in favor of said Schwabacher Brothers & Company, for the amount due on their mortgage, and decreed that the balance of the proceeds of said boom of logs, if any remained after the payment of the judgment in favor of said lienors, should be applied in part satisfaction of said mortgage, and that they have judgment against said defendant, Jewett, for the balance.

From this judgment, thus giving priority to said logger's liens over said mortgage, the said defendants, Schwabacher Brothers & Company, have appealed, and have brought all the evidence and the entire record in the case, here, for review.

By agreement of all parties, the judgment and decree below was acted upon and treated as final, excepting that part of it giving priority to said logger's liens over said mortgage, and this court has therefore only investigated the case so far as it was necessary, in order to determine whether or not the judgment of the court below, in thus giving priority to said liens, was correct.

The only evidence tending to show that the claim of said liens had ever been recorded or filed for record in the auditor's office of the proper county, was testimony showing that they had been delivered to the auditor after office hours, and the production of the original lien claims, with an endorsement on each one, substantially as follows: "Filed for record at 9 A. M., August 16, 1877. Recorded on page 205 of book 6; records of Island county. Robert C. Hill, county auditor."

In our opinion, this endorsement was not, in itself, evidence of anything, or for any purpose whatever, and consequently the only proper evidence, tending at all to show that the said liens had been perfected, by the filing for record, and recording of the claims therefor, was the simple fact of their being handed to the auditor after business hours, and this, we think, was insufficient.

There being, then, no proof of the perfecting of said liens, as required by law, that portion of the decree of the court below, establishing them, and giving them priority over the

mortgage of defendants, Schwabacher Brothers & Company, is erroneous.

The decree below must, therefore, be so far modified as to give the said mortgage lien of said defendants, Schwabacher Brothers & Company, priority over the liens of the said appellees.  Let the cause be remanded, with instructions to the lower court, to carry into effect the original decree modified as required herein.