[No. 1622. Decided March 1, 1895.]

PAUL HOPKINS et al., *Respondents*, v. JAMIESON-DIXON MILL COMPANY et al., *Respondents*, J. M. ARTHUR & COMPANY, *Appellant*.

MECHANICS' LIENS — CHANGE IN LAW — EFFECT UPON REMEDY — NOTICE OF CLAIM — SUFFICIENCY UNDER ACT OF 1893 — CLAIM FOR LABOR OF EMPLOYES.

Sec. 19 of the lien law of 1893 (Laws, 1893, p. 32), repealing all prior conflicting laws and providing that " all rights acquired under any existing law of this state are hereby preserved, and all actions now pending shall be proceeded with under the law as it exists at the time this act shall take effect," authorizes the procedure under the former law merely for those actions begun prior to the taking effect of the act of 1893; rights accrued before the taking effect of the act of 1893, but for whose enforcement actions are instituted subsequent thereto, are governed by the mode of procedure provided in the act of 1893.

Under Laws 1893, p. 35, § 5, any number of claimants may join in the same claim of lien for labor performed and material furnished for the same structure.

Under said section of the lien law, requiring the claim to state "the name of the person by whom the laborer was employed, or to whom the material was furnished," an allegation in the notice of claim is sufficient when it states "that the name of the person at whose request claimants performed and furnished labor and furnished materials was John McMaster, and he was at the time thereof the foreman or superintendent of said Jamieson-Dixon Mill Company, or person having charge of said work."

Under the same section, a claim of lien stating that "at the special instance and request of the Jamieson-Dixon Mill Company, acting therein by Andrew Jamieson, its president, it furnished and delivered to said Jamieson-Dixon Mill Company," certain merchandise, sufficiently mentions the name of the person by whom it was employed and to whom it furnished material.

A notice of claim of lien alleging that "the name of the owner and reputed owner of such premises is and at all times herein was Jamison-Dixon Mill Company, and that one John Smith is owner of the ground on which said plant is located," and setting forth a leasehold interest of said mill company, is a sufficient compliance with the provisions of the statute requiring the name of the owner or reputed owner, if known, to be set forth, although, in fact, the real owner of the land is another than the one stated.

Under the lien act of 1893, the notice of claim is not required to state the terms of the contract.

Where a claim of lien is for materials furnished and labor performed by a mechanic, the fact that employes of his worked upon the material furnished will not defeat his claim of lien.

### Appeal from Superior Court, King County.

The lien notice of Paul Hopkins alleged that he "claims and holds a lien upon said premises and property herein above described for labor performed and material furnished as blacksmith and ironworker upon the erection and construction of said shingle mill, dry house plant, machinery and buildings upon said premises belonging to Jamison-Dixon Mill Co. . . . That he furnished iron work to the reasonable value of $114.01, and furnished and performed labor to the

reasonable value of $44.75; that there is now justly due and owing him for such labor and material $158.76, after deducting all just credits and offsets." The proof showed Hopkins was a boilermaker, that a portion of his claim was for bolts of a special size used in securing the machinery to the building and in fastening the frame together. These bolts were made by Hopkins and his men at his shop. Other material furnished, such as hangers for the boilers, were made at the shop and put in place by Hopkins and his men.

*Greene & Turner*, for appellant.

*H. B. Slauson, Shank & Smith*, and *Jenner, Legg & Williams*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action in equity to foreclose seven material and labor liens upon a shingle mill and dry house. The lien claimants are respondents Hopkins, Strohl, McMaster, Potts, Seattle Brick & Tile Company, Galt Bros. & Co. and Stimson Mill Co. Jamieson-Dixon Mill Company owned the building and a lease-hold interest in the land subject to the claims of appellant, J. M. Arthur & Co. This latter company claimed to own the machinery; and is also the holder of certain notes secured by a mortgage upon all the estate and interest of the Jamieson-Dixon Mill Company in the buildings, machinery and land.

Upon the trial, plaintiffs having introduced certain proofs and rested, appellant moved by separate motions addressed to each claimant to each cause of action, that said claims and causes of action and each of them be dismissed, and for a non-suit against each on certain specified grounds; each of which motions was denied.

The work and materials for which these liens were

claimed were performed and furnished prior to the time the lien act of 1893 (Laws, p. 32) went into effect; but the actions were brought subsequent to that time; so that the first question to be determined in the investigation of this case is, does the law of 1893, or do the prior acts, control the procedure in the foreclosure of these liens. If it is concluded that the law of 1893 controls, then many of the objections raised by the appellant need not be discussed. ·

The act of 1893, entitled "An act creating and providing for the enforcement of liens for labor and material," seems to be an independent code on the subject embraced in the title of the act, defining liens and making full provision for their enforcement; but the last section of the act (Laws 1893, p. 38, § 19) is as follows:

"All rights acquired under any existing law of this state are hereby preserved, and all actions now pending shall be proceeded with under the law as it exists at the time this act shall take effect. All acts or parts of acts in conflict with the provisions of this act are hereby repealed.".

It is conceded, and must be under the ruling of this court in *Garneau v. Port Blakely Mill Co.*, 8 Wash. 467 (36 Pac. 463), that the right to a lien when the labor had been performed was preserved by § 19 just quoted. It is, however, insisted by appellant that while the right to the lien may be preserved, the mode of enforcing the lien is the mode prescribed by the act repealed. or the act which was in force at the time the labor was performed or the materials furnished; that the provisions of the law, so far as the act of 1893 is concerned, were prospective, and had it not, been for the saving provisions of § 19 these rights themselves would have been lost; and that, consequently, the provisions of

the new act for enforcing the liens do not apply to any liens the right to which accrued before the passage of the act.

It does not seem to us that this contention can be sustained.    The new act provides that " all actions now pending shall be proceeded with under the law as it exists at the time this act shall take effect," meaning, of course, the old law.   Had it been the intention that all liens which were in existence prior to the passage of the act of 1893 should be enforced under the provisions of the old law, it doubtless would have so expressed it; but it has seen fit to restrict the cases which shall proceed under the old law to actions which were already pending at the time the new law went into effect; not actions where the right of action had accrued by reason of the furnishing of labor or material, but to cases where the enforcement of those rights had already been commenced by action.   Under the ordinary rule of construction, that the expression of one excludes the other, it cannot be held that the legislature intended that any actions should be proceeded with under the old law except actions already commenced, according to its expressed terms.

The general proposition is laid down in § 24 of Phillips on Mechanic's Liens (2d ed.), that "the rights of parties under mechanic's lien laws are to be ascertained and fixed by the law in force when the contract was made; but such rights are to be established and enforced by the law existing at the bringing of the suit." This general proposition exactly meets the requirements of this case, and while it is conceded by the appellant, it urges that the same author, in the same section, announces the further rule that " when, however, a new lien law is entirely prospective in its operation, prior cases must be construed according to

the acts in force when the liens accrued." An investigation of the cases cited in support of this proposition, however, convinces us that it in no way conflicts with the proposition first announced, but that it has reference to rights and not remedies. In other words, that where a right existed under the old law, and most of the cases are with reference to questions of limitation, the right would not be curtailed by the provisions of the new law.

*Church v. Davis*, 9 Watts, 304, was one of the cases cited to sustain the text. The opinion is very brief, the court simply holding that where a time was given for enforcing the lien, a new statute which was prospective in its operation did not affect the time provided by the old law. This rule does not go beyond the holding of this court in the case of *Garneau v. Port Blakely Mill Co., supra.*

This is substantially what is decided in the Minnesota cases cited by appellant. It seems that, according to the opinion in the case of *Nelson v. Sykes*, 44 Minn. 68 (46 N. W. 207), § 19 of the new law provided that the new act should not affect any rights existing or suits pending when the new act should take effect, and provided further that proceedings taken to enforce liens after the new act should take effect should conform as far as practicable to the provisions of the new act; and the court in passing upon the case where the question involved was, as in the case at bar, a question of limitation, said, after quoting the statute as above noticed:

"And so careful was the legislature to avoid touching prior liens, that pending suits to enforce such liens are not to be affected, but are to go on — of course, according to the procedure under the prior law; and even future suits to enforce such prior liens are not required to conform, except so far as practicable, to the proced-

ure established by the new law. In view of the exceeding care shown by the legislature in these provisos to avoid affecting existing rights, it is impossible to conclude that it intended to cut down the time allowed by the prior law to record the statement for the purpose of preserving and continuing the lien from six months to ninety days."

It will be seen that our statute makes no provision, as did the Minnesota statute, that such prior liens are not required to conform, except so far as practicable, to the procedure established by the new law, and that is really the provisions upon which this case and the succeeding cases from Minnesota cited by appellant were based. The author, Phillips, however, after laying down the rule which we have just mentioned, proceeds in conformity with the proposition first announced by him:

"But where a new law provided for a lien and its enforcement, and repealed the previous law, providing that ' rights acquired and liabilities incurred under the previous law shall not be affected by the repeal thereof,' a lien growing out of a contract entered into before the passage of the latter act, but not completed until after it took effect, should be prosecuted under the new act."

This is substantially the provision of the act of 1893, viz., that "all rights acquired under any existing law of this state are hereby preserved." This text is supported by *Turney v. Saunders*, 5 Ill. 527. The author, continuing, says:

"A contract was made and materials furnished while a lien law was in force, but notice of lien was not filed until a repeal of this law by a later statute, which provided a saving for all liens then existing. All subsequent acts and proceedings relating to the lien or its enforcement were, nevertheless, held to be governed by the repealing act."

This seems to be exactly on a level with the case at

bar, and in support of the text is cited *McCrea v. Craig*, 23 Cal. 522. It is insisted by the appellant that while this case seems to sustain respondents' contention, the probabilities are that it was based upon a different statute from ours; but an examination of the case itself convinces us that the statutes were substantially the same. In fact, the statute cited by the court is, if anything, stronger in favor of the theory that the lien should be prosecuted under the old law than is our statute. The provision of the new act in California was: "Nothing contained in this act shall be deemed to apply to or affect any lien heretofore acquired." Referring to this provision the court in that case said:

"The evident intention of § 24 . . . was to save and preserve to the claimants all rights and liens acquired under the pre-existing laws which were then repealed, but which, but for such saving clause, would have been liable to be lost by such repeal. . . . After the new statute went into effect, all subsequent acts and proceedings relating to the lien or its enforcement were governed by and must have been in accordance with its provisions."

And this, it seems to us, is the reasonable construction. Otherwise there would be two procedures for the enforcement of liens at the same time; a portion of them proceeding under the old act and a portion under the new, a condition in the practice which cannot be justified by anything but the plain provisions of the law authorizing it.

In investigating these liens then with reference to the provisions of the new law, viz., the law of 1893, we will briefly notice the special liens. It may be stated here that the lien of the Stimson Mill Company has by stipulation been conceded and a settlement arrived at; so that that case is not now before us. The liens of Paul Hopkins and William Strohl are combined in

one.    The appellant objects to these liens, (1) that the notice is not such as is provided by law because it is the joint notice of two persons claiming separate liens; (2) that the relation of the person employing claimant is not affirmatively charged; (3) that the lien contained no statement of the terms of Hopkins' contract; (4) that Hopkins' claim is partly for labor furnished as distinguished from labor performed; that is, it is a claim for labor of third persons who were employes of Hopkins; (5) that Strohl's claim is based entirely upon the reasonable value of his labor, yet there is absolutely no proof of the reasonable value of the labor; (6) that both Hopkins and Strohl's liens are bad because they fail to state the owner of the ground; that they say John Smith, while it is admitted that the Sandersons are the real owners.

In regard to the first objection, the statute specially provides that any number of claimants may join in the same claim.    The provisions of the act are simple, viz., "the claim shall state as nearly as may be the time of commencement and cessation of performing the labor and furnishing the material."    That is done in this lien notice.    "The name of the person by whom the laborer was employed."    The allegation in this notice of claim is, "that the name of the person at whose request claimants performed and furnished labor and furnished materials, was John McMaster, and he was at the time thereof the foreman or superintendent of said Jamieson-Dixon Mill Company, or person having charge of said work;" and we think the statute is fully complied with so far as this objection is concerned.    "A description of the property to be charged," is another essential.    There seems to be no objection to the description in this case.    "The name of the owner or reputed owner, if known; and if not

known, that fact should be mentioned." This notice of claim alleges that, "the name of the owner and reputed owner of such premises is and at all times mentioned herein was Jamieson-Dixon Mill Company, and that one John Smith is owner of the ground on which said plant is located;" setting forth a leasehold interest of the Jamieson-Dixon Mill Company. It seems to us that this is a sensible compliance with the provisions of the statute. It will not destroy the lien claim because the claimant was mistaken as to who the owner of the realty was, as it eventuated in this case. It was not a mistake that misled any one to his damage in any particular. The signing and verification is the remaining requirement of the statute. Under the new statute notice is not required to state the terms of the contract, and we are inclined to think that, if it was, the terms of the contract are sufficiently stated. This court has held that one cannot enforce a lien for the labor of hired men, but we think that the testimony in this case shows in the case of Hopkins that it was substantially for furnishing and for his own labor; and it is reasonably shown by the proof that the labor performed and the materials furnished were worth the amount claimed.

The objection to the Seattle Brick & Tile Company's lien is that the name of the person by whom the Seattle Brick & Tile Company was employed and to whom it furnished material is not set forth in the lien notice, and that the terms and conditions of claimant's contract are not set forth because the time of payment is not shown, it appearing by the proof that there was an arrangement as to the time of payment, and that the proof shows that in fact Potts did the employing, instead of Jamieson. The proof would not affect the sufficiency of these lien claims; and the claim stating

that, "at the special instance and request of the Jamieson-Dixon Mill Company, acting therein by Andrew Jamieson, its president, it furnished and delivered to said Jamieson-Dixon Mill Company," etc., certain merchandise, sufficiently mentions the name of the person by whom it was employed and to whom it provided material. We think the claim was sufficient, and that the proof substantially sustained it.

We have carefully examined all these liens, and without specially reviewing them, we think that the objections to them are exceedingly technical and untenable, both so far as the sufficiency of the claims is concerned and the sufficiency of the proof, and therefore think they should all be sustained. In fact, we are inclined to think they should be sustained even under the provisions of the old law.

Some objection is raised by the respondents to the decree of the court, but as no appeal was taken from such decree by the respondents, this court will not review it.

The judgment will in all things be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.