[No. 2127.  Decided May 26, 1896.]

ALEXANDER W. SWEENEY, *Respondent*, v. PACIFIC COAST ELEVATOR COMPANY, *Appellant*.

APPEAL — ASSIGNMENT OF ERROR — OBJECTIONS NOT RAISED BELOW — ACTION AT LAW — DEFENSE OF ESTOPPEL.

An instruction is not entitled to consideration on appeal, where it was especially excepted to on a ground different from that urged in the appellate court.

The making of a motion below for a new trial upon the statutory grounds does not save an objection going to the form of the action, in that the testimony shows a variance or a failure of proof, where no objection was made to the admission of the evidence, nor any motion for non-suit on account of failure of proof, nor any request for an instruction to find for the appellant for such reason.

Matter by way of estoppel is available as a defense in an action at law as well as one in equity.

Appeal from Superior Court, Walla Walla County.—
Hon. WILLIAM H. UPTON, Judge.    Affirmed.

*Charles H. Carter, Thomas H. Brents,* and *Wellington Clark,* for appellant.

*B. L. & J. L. Sharpstein,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—The respondent objects to the considera-
tion of many of the matters discussed in appellant's
brief on the ground that the same were not raised in
the court below, and contends that there is but one
matter argued therein which is properly before this
court for consideration, and that is the refusal of the
court to try the matters alleged in the eighth, eleventh,
twelfth and thirteenth subdivisions of appellant's
answer, as equitable issues, or to refer the same for
determination before a trial of the other issues by the
jury.

The objection of the respondent is in the main
well taken, as no ruling of the court, aside from this
particular one, is pointed out in appellant's brief as
error.    Only one of the instructions given is ques-
tioned here and that one was especially excepted to
upon a different ground from that now urged and for
that reason it is not entitled to consideration.    The
appellant contends that all of the matters argued in its
brief are properly before this court in consequence of
its having made a motion for a new trial upon the
statutory grounds, which was denied by the court.

Appellant's main contention, aside from the one re-
lating to the refusal of the court to try certain of the
issues as equitable issues, or by a reference, goes to
the form of the action, in that the testimony showed
a variance or a failure of proof.    It does not appear

that any objection was made to the admission of this evidence, however, nor that there was a motion for a non-suit on account of failure of proof, or any request for an instruction to the jury to find for the defendant for such reason, and the matters alleged or complained of are, therefore, not available as relating to the form of the action, and at most can only raise the question as to whether the evidence was insufficient to sustain the verdict; and as, after an examination of the record, we are satisfied that there was evidence sufficient for that purpose, there was no error in the premises.

No recovery against the plaintiff was sought by the defendant, and the matters pleaded, which it contends raised equitable issues, related to an estoppel, and this is available as a defense in an action at law as well as one in equity. Certain credits were pleaded in this connection as having been given to the plaintiff by the defendant, and in its prayer the defendant asked that in case the court should find that such matters were not available as an estoppel, it be allowed the same as a counterclaim, and asked for an accounting with respect thereto. But we do not think that the matters pleaded involved the examination of such an account as to require the court to send the same to a referee for determination, and that it was no abuse of the discretion reposed in the court to submit said matters to the jury, even though it were competent for the court to segregate the issues and try certain of them as equitable ones, or by referee, and the remainder of them by jury where the action is brought as one at law.

Being of the opinion that no error was committed, the judgment is affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.