[No. 3342. Decided February 20, 1900.]

C. O. GREENE, *Respondent,* v. JAMES E. FINNELL *et al.,*
*Appellants.*

MECHANICS' LIEN—FORECLOSURE—EVIDENCE.

In an action for the foreclosure of a mechanics' lien, the reading by the county auditor of the original record of the claim of lien and its filing is competent evidence of the lien and its record, especially when it is stated at the time that a certified copy would be thereafter introduced in evidence.

SAME—NOTICE OF LIEN—SUFFICIENCY.

Under the mechanics' lien law of 1893, the failure to state the terms of the contract for the construction of the building will not render a lien notice defective.

SAME—WHEN RAISED.

When a lien notice is offered in evidence for the purpose of establishing a lien, all questions going to its sufficiency should be raised at the time it is offered, since the notice is subject to amendment, under the existing lien law.

DEFECT OF PARTIES—HOW RAISED.

The objection that there is a defect of parties defendant cannot be raised at the trial in the form of objection to testimony.

Appeal from Superior Court, Adams County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*W. W. Zent,* for appellants.

*O. R. Holcomb,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This is an action to foreclose a lien for materials furnished in the construction of a building. The claim of lien stated that at the request of James E. Finnell, the claimant commenced to furnish and deliver to said Finnell material, to-wit, shiplap and rustic and common lumber, to be used in and upon the construction of a certain house or building of which the said James E. Finnell is the owner, and reputed owner. Then follows a description of the premises upon which the house was situated, and the periods at which the material was furnished, the value of such material being stated at $52.70, and a statement that the same was due and unpaid, and that the lien was claimed for that amount upon the premises described. The complaint to foreclose the lien stated that the defendant Finnell was the owner, and the reputed owner of a leasehold estate for years in the premises described in the lien, and that at the request of the defendant T. J. Hallin the plaintiff commenced to furnish and deliver material for the construction of the building; that said defendant Hallin was contractor for the construction of the building; that it was agreed between the said contractor and Finnell that Finnell should pay the material men for all material furnished in the construction of the building; and that Hallin was acting, under said agreement, as the purchasing agent of the materials on the behalf of Finnell. Defendants filed separate answers to the complaint, which consisted of denials of the material allegations thereof, and upon the issues thus formed the case

went to trial. When evidence was offered by the plaintiff, counsel for the defendants objected to the introduction of any evidence under the complaint, stating the following grounds: First, for the reason that the complaint does not state facts sufficient to constitute a cause of action against either of said appellants; second, for the reason that there is a defect of parties defendant. The objection was overruled, and evidence was then introduced to support the allegations of the complaint. There were some objections to the evidence introduced by the defendants, and the exceptions have been argued by the counsel for the defendants here. The original notice of claim of lien was offered by the plaintiff, but upon objection by counsel for the defendants it was not received.

We know of no reason why this was not competent testimony, if its record were shown by competent evidence; but a certified copy of the claim of lien was afterwards tendered and received, over the objection of the defendants. It seems that the auditor was first permitted to read from the original record the transcript of the lien, but it was stated at the time that a certified copy would be filed thereafter. There was nothing improper in this evidence. There was no objection pointed out to the introduction of the claim of lien in evidence, such as is suggested to this court, of a variation between the claim of lien filed and the complaint. It may be said that the lien is in the statutory language of § 5904, Bal. Code.

Appellants now claim that the lien notice was defective, because it did not state the terms of the contract for the construction of the building; and cite some earlier cases from this court. But the lien law in force when these decisions were rendered has been superseded by the statute of 1893, and under the latter statute it is not necessary to set forth the terms of the contract. *Hopkins v. Jamieson-Dickson Mill Co.,* 11 Wash. 308 (39 Pac. 815).

When a lien notice is offered in evidence for the purpose of establishing a lien, all questions going to its sufficiency should be raised at the time it is offered. *Bolster v. Stocks,* 13 Wash. 460 (43 Pac. 532); *Price v. Scott,* 13 Wash. 574 (43 Pac. 634); *Sweeney v. Pacific Elevator Co.,* 14 Wash. 562 (45 Pac. 151).

Under the existing lien law, amendments are authorized, hence the reasons for specific objections to the lien upon its introduction are well founded. The objection, if it were valid, that there was a defect of parties defendant, could not be raised at the trial in the form of objection to testimony under the allegations of the complaint. *Harrington v. Miller,* 4 Wash. 808 (31 Pac. 325).

Exception was also taken in the brief of appellants to the fact that judgment was given for $25 attorney's fees for foreclosure of the lien, without evidence of the value of such fees having been taken; but the supplemental record brought up by the respondent shows that the fee was stipulated to be reasonable at the trial before the court.

We find no error in the judgment of the superior court, and it is affirmed.

GORDON, C. J., and DUNBAR, J., concur.