[No. 20838.   Department Two.   December 6, 1927.]

# H. W. LANTERMAN *et al., Respondents,* v. HARRY G. NESTOR *et al., Appellants.*[1]

[1] LANDLORD AND TENANT (28)—LEASES—ASSIGNMENT—CONSTRUCTION AND OPERATION—COVENANTS AS TO INCUMBRANCES. Rem. Comp. Stat., § 9471, giving cities a lien for delinquent charges for water "against the premises to which the same has been furnished," gives a lien against a leasehold, where the water was furnished to the tenant, constituting an incumbrance, within a warranty in an assignment of the lease.

[2] STATUTES (67)—CONSTRUCTION—EXECUTIVE CONSTRUCTION. An executive or administrative construction confining "premises" in Rem. Comp. Stat., § 9471 to "land" is not shown by the fact that city officers generally charged the lien for delinquent water charges to the "land," where the statement for water rent was sent to the tenants.

[3] SALES (112)—WARRANTY—BREACH—WARRANTY OF TITLE. One giving a bill of sale of a leasehold interest, warranting the title, may not defend against the warranty on the theory that there was no lease.

[4] EVIDENCE (138)—DOCUMENTARY EVIDENCE—EXECUTION OF INSTRUMENTS. A finding of the lien of a valid conditional bill of sale is sustained, where the seller was threatening to retake the property, the balance due was paid, the conditional bill of sale, then on file, was released and delivered to the vendee, it purported to be properly executed, and was admitted in evidence, there being no objection to any of the evidence.

[5] SAME (118)—DOCUMENTARY EVIDENCE—CERTIFIED COPIES OF RECORDS. A certified copy of a conditional bill of sale, filed or recorded, is made *prima facie* evidence that it was what it purports to be by Rem. Comp. Stat., § 10612.

Appeal from a judgment of the superior court for King county, Frater, J., entered February 16, 1927, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*Burkheimer & Burkheimer* and *Paul Carrigan,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondents.

[1]Reported in 261 Pac. 800.

MAIN, J.—This action was brought to recover damages for the breach of a warranty made in connection with the sale of personal property. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law sustaining a recovery in the sum of $441.30. From the judgment entered for this sum, the defendants appeal.

The facts may be briefly summarized as follows: On March 8, 1926, the appellants, being then the owners and operators of the Fleming Cafe in Seattle, sold the same, including all the personal property and movable fixtures, to the respondents. The bill of sale, after enumerating a large number of articles, concluded with this: "together with the leasehold interest of the premises at 615 Pike street in the city of Seattle known as Fleming's Cafe." There was the further provision that the sellers would warrant and defend the sale. Soon after taking possession, the respondents learned that certain of the property covered by the bill of sale had outstanding against it conditional sales contracts which had not been fully satisfied. The American Furniture Company was claiming a balance due of $106.30 upon a conditional sale contract. That company demanded payment and was threatening to remove the furniture covered by the contract. The respondents thereupon paid the balance due. There was a similar situation with reference to the Commercial Importing Company and the Burroughs Adding Machine Company. There was also water rent delinquent in the sum of $251. For failure to pay this, the water was shut off and, in order to obtain water, the respondents were required to pay the city the bill.

[1] The first question is whether the delinquent water rent was an incumbrance against the estate transferred by the bill of sale. Section 9471, Rem. Comp. Stat. [P. C. § 1225], provides, among other

things, that cities owning their own water works have a lien for delinquent and unpaid charges for water "against the premises to which the same has been furnished." Section 9472 in part provides that this lien may be enforced by cutting off the water "against the premises to which the same has been furnished, after the charges become delinquent and unpaid, until such charges are paid." The appellant says that the word "premises," as used in the statute, means "land" and that the warranty contained in the bill of sale was not sufficient to reach an incumbrance of this character.

It is true that the word premises has various meanings, dependent upon the subject matter in connection with which it is used. It may, under certain circumstances, have the limited meaning of land rather than the broader meaning which includes every interest or estate pertaining to the land. In the connection in which the word is used in the statute, there is no indication that the legislature intended that it should have the limited meaning, and it is apparent, by the use of the word "premises," the broader meaning was intended. Had the legislature intended the more limited meaning, it would have been very easy to have said "land" instead of "premises." In *State v. French,* 120 Ind. 229, 22 N. E. 108, it is said:

"The word 'premises' is now commonly used to mean 'lands and tenements.' "

In *Sandy v. State,* 60 Ala. 18, it is said:

"The term *premises* has various significations, dependent on the subject-matter to which it refers. When used in reference to estates, it signifies lands and tenements; while, when employed to designate a formal part of a deed, it refers to the part preceding the *habendum;* or, if in reference to equity pleading, it signifies the stating part of the bill. 2 Bouv. Law Dict. 364. Its proper signification is readily ascertained from the connection in which it is found."

[2] It is argued, however, that the executive or administrative construction by the water department of the city gave the word the more limited meaning, because it was the practice of that department to charge the water rent to the land. The evidence shows that, while that was the general practice, it also appears that as to the premises here in question the statement for the water rent was sent to the tenants. In any event, the fact that the department's practice was to charge the rent to the land would not limit the meaning of the word as given in the statute. The charge to the land did not necessarily indicate the non-existence of a right to charge to the leasehold interest as well. The meaning of the word as used in the statute, when taken in connection with its well known legal meaning in similar connections, is not doubtful.

[3] There is the further objection that there was no lease upon the premises for any particular time. Even though it be true that the appellants had only owned the property for a short time, they were occupying the place without question under some kind of a lease. In their bill of sale, they undertook to sell a leasehold interest and are hardly in the position now to say that no such subject-matter existed.

The delinquent water rent was something which the respondents were compelled to pay, in order that they might continue to operate the cafe which they had purchased as a going concern. This was a matter which came within the warranty contained in the bill of sale.

[4] The next question relates to the finding of the trial court to the effect that the American Furniture Company's conditional sale contract was a prior incumbrance upon the property and constituted a breach of warranty in the bill of sale. It is said that there is no identification of the signatures upon the conditional bill of sale and that there is no evidence that it was

valid under the statute as to third parties. One of the respondents testified that after they purchased the property they learned of the existence of the conditional bill of sale and that there was a balance due upon it which had not been paid. The company, as above stated, was threatening to retake the property. The balance due was paid and the conditional bill of sale, which was on file, was thereupon released and delivered to one of the respondents. The conditional bill of sale was then admitted in evidence. No objection was made to any of this testimony or to the introduction of the conditional bill of sale, which, on its face, purports to be properly executed. In *Greene v. Finnell*, 22 Wash. 186, 60 Pac. 144, it is said:

"When a lien notice is offered in evidence for the purpose of establishing a lien, all questions going to its sufficiency should be raised at the time it is offered."

The case of *Jewett v. Darlington*, 1 Wash. Terr. 601, holds that the endorsement upon a mechanic's lien, offered in evidence, showing a filing of the same for record was not evidence that the instrument had been recorded. In the present case, there is evidence of the filing of the conditional bill of sale and the release thereof.

What is said with reference to the American Furniture Company is applicable to the Burroughs Adding Machine Company's claim, and that claim need not be further discussed.

[5] As to the Commercial Importing Company, there was a certified copy of the conditional bill of sale introduced in evidence. Section 10612, Rem. Comp. Stat. [P. C. § 1650], provides that copies of all deeds and other instruments of writing, which by law are to be filed or recorded in the office of the county auditor, certified by the auditor under his official seal, "shall be admitted as prima facie evidence in all the courts of

this state." In *Chrast v. O'Connor,* 41 Wash. 360, 83 Pac. 238, with reference to a similar statute it was said:

"This statute was intended to make available as evidence the record of instruments recorded pursuant to the recording acts; and under it a certified copy of the record of an instrument which was entitled to be recorded is of itself *prima facie* evidence that the instrument is what on its face it purports to be. It is presumed to be genuine, and to have been made for the purposes for which it purports on its face to have been made, and one asserting the contrary must prove it."

The judgment will be affirmed.

MACKINTOSH, C. J., FULLERTON, PARKER, and HOLCOMB, JJ., concur.