STACKMAN, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*October 20 — November 17, 1891.*

*Railroads: Injury to employee: Contributory negligence.*

A gang of men, under the direction of defendant's foreman, were engaged in pushing a car over an unfinished portion of track which, on one side, was near to a high bank — so near at one place that a person could not pass between a car and the bank. The car had been started by the other men. The plaintiff, being directed by the foreman to assist in the pushing, took hold of the car at the only available place left by the other men, which was on the side towards the bank. After the car had moved twelve or fourteen feet, he was caught in the narrow place and crushed between the car and the bank. The foreman had not warned him of the danger. The plaintiff testified that he did not know of the narrow place. He had no time for deliberation or to look. ahead after being directed to push. The ground was rough and muddy, and while pushing he looked downward to see where to step. *Held,* that the jury were warranted in finding that the defendant was negligent both in not providing a safe place for the plaintiff to work and in failing to warn him of the danger, and that the plaintiff was not guilty of contributory negligence.

APPEAL from the Circuit Court for *Sauk* County.

Action to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the defendant's negligence. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

. For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*. They contended that there was no actionable negligence on the part of the defendant. *Brick v. R., N. Y. & P. R. Co.* 98 N. Y. 211; *Couch v. C., C. & A. R. Co.* 22 S. C. 557; *Batterson v. C. & G. T. R. Co.* 53 Mich. 125; *Michigan Cent. R. Co. v. Austin,* 40 id. 247; *Piquegno v. C. & G. T. R. Co.* 52 id. 40. The plaintiff was guilty of contributory negligence. The danger was patent, and the plaintiff had equal and ample means of knowing it. *Ballou v. C. & N. W. R. Co.* 54 Wis. 257; *Goltz v. M., L. S. & W. R. Co.* 76 id. 136; *Johnson v. Ashland Water Co.* 77 id. 54.

. *G. Stevens,* for the respondent, cited *Dorsey v. Phillips & C. Const. Co.* 42 Wis. 583.

ORTON, J. The material facts are these: The company had been constructing a "wye" leaving a main side track of its road, curving around to the east up into a ravine where the stone is to be quarried for carriage on the road, and from that point returning towards the west to the road. The stone to be quarried was situated north of and near the disconnected end of the north branch or arm of the "wye." The north branch of the "wye" was built close to higher ground, so that when the bed for the track was excavated and prepared for the iron there was a bank from twelve to eighteen feet high along and very near the north side of the track. The work was not entirely finished, but sufficiently to be used for such purpose. This branch was in some places several feet away from the embankment, but at the place where the accident happened the track was so close to the bank that a car standing upon it would come so near to the bank as not to permit a person to pass through the space between the car and the bank intact. Three cars, loaded with stone, were standing on that track near this narrow place, which had to be moved by hand

towards the main side track of the road. From twenty to thirty men had been at work, some in the quarry, some in making this track of the "wye," and some, together with the plaintiff, in digging a ditch leading from the quarry across the north branch of the "wye" down into the ravine between the two branches. All of these men, under one Charles Strom, their foreman, were ordered by him to assist in moving such loaded cars to the main side track. The plaintiff had assisted to so move two of said cars from a point between such narrow place and the side track, and had tarried longer than the rest of the men to couple the last car to another on the side track, so that when he returned to assist in moving the last car, which was standing nearly opposite, but somewhat above, such narrow space between the track and the bank, all of the men had hold of the car, and had started it. He had come back in a hurry, and was ordered by the foreman to take hold of the car and push. The other men had hold of the car at all the places where they could push to advantage, except on the side of the car next to the bank, leaving no room for the plaintiff to take hold except on that side. The car had to be pushed up grade, and it was quite muddy along the sides of the track. The plaintiff put his shoulder against a projection or pocket on that side, and pushed as hard as he could. He looked down to see where to step, and did not observe that narrow place between the car and the bank, from twelve to fourteen feet ahead of him, and was caught between the car and embankment, and crushed and badly injured. This is the cause of action, as substantially stated in the complaint, which the defendant company answered by a general denial.

The special verdict of the jury was: (1) That the defendant was guilty of neligence, for the reason that the bank was too close to the track on which the car was pushed, and that the foreman of the gang omitted to give the men

proper notice of the existing danger; (2) that it was an act of common prudence on the part of the plaintiff to place himself between the car and the bank for the purpose of pushing the car, under the existing circumstances, by considering that he was the last man to take a place on the car, and the rest of the men had taken up the space of the car on the other side, and the plaintiff was unconscious of any existing danger; (3) that the plaintiff could not, by the exercise of ordinary care, have avoided the injury, as he was ordered to help push the car by the foreman, who failed to notify him of that danger in which he placed himself by taking position on the right of the car; (4) that the plaintiff was not guilty of any want of ordinary care which contributed to his injury; (5) that the plaintiff sustained damages of $900 by reason of the injury.

The only two points made by the learned counsel of the appellant involve the merits of the case, and are as follows: (1) That the appellant was not guilty of any culpable negligence; and (2) that the plaintiff's negligence contributed to his injury.

1. The learned counsel argued plausibly, and cited authorities claimed to be applicable, to show that the proximity of the bank to the track was not sufficient ground of the appellant's negligence, in answer to the first clause of the first finding of the jury, but seem to have ignored or paid but little attention to the second clause of that finding, as a ground of the appellant's negligence,— " that the foreman of the gang omitted to give the men proper notice of the existing danger." But as to the first clause, was it not negligence of the appellant in using the track for pushing loaded cars on it, with the bank so near as to be very dangerous, in one or more places, to the men who should or might inadvertently take hold of the car on that side, to push it up the grade to the side track? The bank was a very dangerous obstruction on that side of the car.

It was left so near the track as to entrap and injure any one of the men who, being unaware of the danger, might take hold of the car on that side to push it, as in this instance. The reason given by the learned counsel why it was not negligence does not appear to be a sufficient excuse for this neglect,— that is, that the track was in progress of completion only and unfinished. The danger was no less on that account. If it should be left in that condition when it is finished, the danger to the employees would be no greater and no less. The track should not have been used in that way, in that condition. It is the duty of the company to provide a safe place in which its employees are required to work. This was very unsafe. On this point this case would seem to be stronger against the appellant than that of *Bessex v. C. & N. W. R. Co.* 45 Wis. 477. In that case a pile of boards or lumber was left standing so near the track that the plaintiff, in pushing on the car on that side, with his head down, stumbled on or over it, and was thrown under the wheels and injured. These cases are very much alike, but this case is stronger, in that there was no other place where the respondent could take hold to push, and he was ordered by the foreman to take hold and push. Mr. Justice TAYLOR said in that case: " Permitting [the track] to be obstructed in such manner as to increase unnecessarily the danger to its employees is negligence." See cases cited in the opinion.

As to the second clause of that finding it is very clear that it was the duty of the foreman to notify or warn the respondent that there was a dangerous place not far ahead, if he pushed on that side, and to order him not to do so. The foreman must have known that there was no other place for the respondent to take hold except on that side, when he ordered him to take hold somewhere, and he knew, or ought to have known, that the respondent had taken hold on that side, and that it was extremely dangerous to

Stackman vs. The Chicago & Northwestern R. Co.

him, walking with his head down, and pushing with all his might. Such is the natural position of one pushing a car with his shoulder against a pocket. When the foreman gave the order for every one to take hold and push, he ought to have accompanied it with the warning not to take hold on the side next to the bank. It appears to us that the culpable negligence of the appellant company was clearly established on both grounds.

2. Did the respondent's negligence contribute to his injury? It was not proved that the respondent knew of this narrow place between the track and the bank, and he testified that he did not know of it. He had worked some distance away from it; and the cars he had helped push before this one were above this place towards the side track. He took hold in haste, as he was the last one to return. Between the order to take hold and his taking hold of the car there was no chance or time for deliberation or to look ahead for unknown danger. He took hold at the only place left to him. His head was bowed downward, and his eyes were turned towards his feet, to see where to step on the rough and muddy ground. These peculiar circumstances would seem to excuse him from the performance of the usual duty to look ahead and observe where he was going. He was so situated without his fault, and by the negligence of the company. It would seem to be cruel to hold him to the strict responsibility of the usual rule under such circumstances; and such are the authorities. *Knowlton v. Milwaukee City R. Co.* 59 Wis. 278; *Gumz v. C., St. P. & M. R. Co.* 52 Wis. 672; *Schultz v. C. & N. W. R. Co.* 44 Wis. 638.

We think the special verdict of the jury was sustained by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.