CASE 7.—ACTION BY JACOB GELLER ＾AGAINST THE PULL-
MAN COMPANY FOR DAMAGES FOR PERSONAL
INJURIES.—February 5.

# Pullman Co. v. Geller

Appeal from Kenton Circuit Court.

M. L. HARBESON, Circuit Judge.

Judgment for plaintiff, defendant appeals — Af-
firmed.

Master and Servant—Injury to Servant—Contributory Negligence
Knowingly Using Defective Tool.—Evidence that plaintiff a
blacksmith in defendant's employ, was ordered by his superior
to immediately make certain tools, from a large axle, and
that such superior, on being told by him that the axle could
not be held with the tongs he had, insisted that he must,
because of the necessity for haste, at once go on with the
work with the tongs and such other appliances as he had,
and that, using all care possible in the work, he was injured
by the defective tongs losing their hold on the axle, makes
the question of his contributory negligence one for the jury,
as he was not guilty of such negligence in obeying the order,
if, in his judgment, there was a reasonable probability that
the work might be safely done by his using extraordinary
care.

MARTIN M. DURRETT for appellant.

## POINTS AND AUTHORITIES.

1.   The motion to instruct the jury to find for the defendant
should have been sustained.

2.   The verdict was not sustained by sufficient evidence.

3.   The damages awarded are excessive and were given under
the influence of passion or prejudice.

4.   The court erred in giving instructions numbers 1 and 2.

Pullman Co. v. Geller.

(Thomas v. L. & N. Ry. Co., 18 Ky. Law Rep., 164; Kelly v. Shelby L. R.. Co., &c., 15 Ky. Law Rep., 301.)

5.   The court erred in refusing instruction "C."

B. F. GRAZIANI for appellee.

POINTS AND AUTHORITIES CITED.

1.   Appellant working under the special orders of the master, the risk was no longer his, but became the risk of the master. (Sherman & Redfield on Negligence, sec. 186; Sherman & Redfield on Negligence, sec. 215; Long's Admr. v. L. & N. R. R. Co., 24 Ky. Law Rep., 567; Molin Plow Co. v. Anderson, 19 Ills., 417; Hawley v. Norther G. R. Co., 82 N. Y.; Patterson v. Pittsburg & G. R. Co., 76 Pa., 389; Jenny Elec. Light Co. v. Murphy, 115 Ind., 566; Chicago, R. I. & P. R. Co. v. McCarty, 49 Neb., 475; Phisterer v. Peter & Co., 25 Ky. Law Rep., 1607; Cumberland Telephone & Telegraph Co. v. Graves, 31 Ky. Law Rep , 972.)

2.   The court did not err in refusing the appellant a peremptory instruction.   (Paducah St. Ry. Co. v. Adkin's Admr., 14 Ky. Law Rep., 427; Long's Admr. v. L. & N. R. R. Co., 24 Ky. Law Rep., 567.)

3.   The servant by continuing in the master's service, for reasonable time after promise to repair, does not assume the risk. (Breckenridge Co. v. Hicks, 94 Ky. Law Rep., 362; Bell & Cogshall v. Appelgate, 63 Ky. Law Rep., 470; Stephens v. Hannibal & St. J. R. Co., 9 S. W. R., 590; Amer. & Eng. Ency of Law, vol. 14, page 856, sec. 13; Amer. & Eng. Ency. of Law, vol. 14, page 867, section 4.)

4.   The damages awarded the appellee are not excessive. (Thompson on Negligence, sec. 7317; Town of Central Covington v. Bellonby, 24 Ky. Law Rep., 1092; Outten v. Barnes, Littell's Selected Cases, 137; 11 Bush, 509; 89 Ky., 137; 1 Mar., 431; 16 B. Monroe, 587; Clegg v. Metropolitan St. Ry. Co., 37 N. Y. Supp., 130; Louisville & Nashville R. R. Co. v. Wade, 11 Ky. Law Rep , 904; Van Sant v. Jones, 3 Dana, 466.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Kenton circuit court entered upon a verdict awarding the appellee, Jacob Geller, $900 damages against appellant, the Pullman Company, for personal injuries

received by him while serving it as a blacksmith in its repair shop in the city of Covington. Appellee's petition based his right to recover upon the alleged negligence of appellant and its servants, superior in authority to him, in failing to provide him with tongs reasonably safe for use in the work required of him. From the record we gather that appellee's injuries were sustained in the following manner: Appellee was approached in appellant's shop by McMillen, its assistant manager, and ordered to make a tool holder and tools for use in connection with a wheel lathe in the shop. At the time of giving the order Mc-Millen pointed out to appellee a steep, or iron axle, of considerable size and weight, which had been brought into the shop by some of the employes and thrown on the floor, and directed him to make the tools out of it. According to appellee's own testimony, McMillen told him, in substance, they needed the tools at once, were in a rush for them, and that he wanted appellee to make them right away. Appellee said to him that the axle could not be held with the tongs he had, to which McMillen replied that they were rushed for the tools and had to have them, and "You (meaning appellee) will have to do them with what you have got. I will give you a chance later on to make the proper kind of tongs, for we need these tools right away." On the following day McMillen again went to appellee and inquired whether any of the tools were completed. Appellee told him they were not, and that he could not hold the axle with the tongs he had. Whereupon McMillen ordered him as before to make the tools, that they were badly needed, and that he would later give him time to make other tongs. Appellee then began to make the tools, one being a wrench. While at work on the wrench, and

holding the heavy axle up with the tongs, they lost their hold, suddenly slipped from the axle, and flew upward with great swiftness and force, striking appellee on the jaw, mouth ,and cheek, and breaking or knocking out nearly all of the jaw teeth on that side of the face, cutting his lip and cheek, and otherwise injuring him. As a result of his wounds appellee came near bleeding to death, underwent much physical and mental suffering, lost considerable time from his work, and expended a considerable sum in surgical bills.

Appellant's answer denied that appellee's injuries were caused by its negligence or that of its employes, and averred that they were caused wholly by his own negligence. The plea of contributory negligence was controverted by reply. Appellee's testimony strongly conduced to prove the insufficiency of the tongs he was required to use in making the tools and that their use for the purpose to which they were applied was attended with danger; that this fact was well known to appellant, and was in fact communicated by him to the assistant manager, McMillen, when the latter ordered him to make the tools. Appellant's testimony was to the effect that appellee was more familiar than was the assistant manager or any other servant of appellant with the risk and danger attending the use of the tongs in the work required of him; and much of it also tended to contradict appellee's version of what occurred between himself and the assistant manager at the time of the latter's directing him to make the tools. It is appellant's contention that, the danger attending appellee's work of making the tools and his use of the tongs for that purpose being well known to appellee, he must be regarded as having voluntarily assumed the risk, and

therefore was not entitled to recover damages for the injuries sustained, and for this reason that the trial court upon the conclusion of the evidence should have peremptorily instructed the jury to find for appellant as it requested.

We do not think the peremptory instruction should have been given, and therefore the action of the lower court in refusing it was not error. There was some evidence to support appellee's version of what occurred between himself and appellant's assistant manager, which, if believed by the jury, was sufficient to place the responsibility for the injuries upon the negligence of the latter, and therefore the question of whether appellee in the matter of receiving his injuries was guilty of contributory negligence, but for which they would not have been received, was one to be determined by the jury. While the general rule is that the master must provide the servant with a reasonably safe place to work and reasonably safe tools with which to work, if the danger of working in the place or with the tools provided is so obvious, immediate, or constant as to be known to the servant, and he nevertheless undertakes or continues the work and is injured in its performance, he cannot recover for such injury, this rule must, however, be applied with some modification, if the work is done in an emergency and by the direction of the master, or by his express command in the absence of an emergency, and the master gives the servant to understand that he does not consider the risk one which a prudent man would refuse to undertake, in such event the servant, notwithstanding his knowledge of the danger, has a right to rely on his master's judgment, unless his own is so clearly opposed thereto that, in fact, he does not rely upon the master's

opinion.   Shearman & Redfield on Negligence, section 186.

We understand this rule to have been recognized by this court in the case of Long's Adm'r v. Illinois Central Railroad Company, 68 S. W. 1095, 24 Ky. Law Rep. 567, 58 L. R. A. 237, which contains a very elaborate discussion of the subject and an exhaustive review of the authorities bearing thereon.   In the opinion it is, in part, said: "In an exhaustive note on this subject to the case of Dallemand v. Saalfeldt, 48 L. R. A. 755, 67 Am. St. Rep. 214, the editor, after pointing out the conflict of authority on the question, says: 'Some judges, following out the analogy of the doctrine stated in the last section, have held that the rule by which contributory negligence is inferred as matter of law, from the undertaking or continuance of work which entails an abnormal risk of which the servant was aware, involves the corollary that the action of the element of a direct order will not prevent the defense from taking effect if the servant understood the perils to which he would be exposed in obeying that order. * * * But by almost all courts, including those who apply the rule just inferred (Pennsylvania, Illinois, and North Carolina cases, cited infra), it is held that the fact of the servant's having been directly ordered to do the act which caused the injury introduces into the situation a differentiating circumstance which will render his contributory negligence a question for the jury in nearly every conceivable state of evidence.   It does not follow that because the servant could justify a disobedience of the order he is guilty of negligence in obeying it. * * * Hence we find it laid down in a leading case that where, in obedience to an order, the servant performs a duty which, though dangerous,

is not so dangerous as to threaten immediate injury, or where it is reasonably probable that the work may be safely done by using extraordinary skill, he may recover, if injured. * * * In other cases the same principle is expressed by a restrictive form of statement; the servant being held to obey a specific command of his superior without necessarily incurring the consequences of contributory negligence, unless the execution of that command involves a hazard which no ordinary person would have subjected himself to.' * * * These principles control this case." L. & N. R. R. Co. v. Ward, 44 S. W. 1112, 19 Ky. Law Rep. 1900; 1 Thompson on Negligence, sections 192-442; 20 Am. & Eng. Ency. of Law (2 Ed.) p. 120.

In the case at bar, according to appellee's testimony, he was ordered by his superior to immediately make certain tools. The superior, being advised by appellee that there was danger in using the tongs he had in the work required, nevertheless insisted that he must, because of the necessity for haste, at once go on with the work with the tongs and such other appliances as he had. In view of his knowledge of the danger, was it contributory negligence for appellee to obey the order, if, in his judgment, there was a reasonable probability that the work might be safely done by using extraordinary care? In view of the authorities, supra, we would say it was not. There was no evidence of negligence as to the manner in which appellee performed the work in question. On the contrary, it tends to prove that he used all the care possible, which was natural, and, no doubt, resulted from his knowledge of the danger attending the use of the defective tongs. These being the facts, no reason is apparent for appellant's complaint that the jury placed the responsibility for appellee's in-

juries upon its negligence in failing to provide him with reasonably safe tongs for use in the work required of him.

The instructions, which are too numerous to copy in the opinion, substantially conform.to our view of the law, and, as they correctly presented every aspect of the law for the guidance of the jury, there was no error in the rejection by the circuit court of the instructions offered by appellant. Our examination of the record fails to disclose any material error in the admission or rejection of evidence, and the amount of the verdict is not excessive.

Judgment affirmed.