ALPHONSE PERRIER *vs.* DUNN WORSTED MILLS.

FEBRUARY 1, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1) *Declaration. Emergency. Master and Servant. Assumed Risk.*
Declaration setting out the breaking down of one of two pressing-machines,

and of the consequent accumulation of an unusual number of rolls of cloth on the floor in a space usually free for passage; of the piling of these rolls in this space by the plaintiff and another employee, under express orders of the overseer, so that the passage between the rolls and a machine was so narrow that a roll of cloth carried through the space grazed the pile of rolls on the one side and the machine on the other; that plaintiff was ordered by the overseer to hurry along the work on the machine, on account of the breaking down of another machine, shows on its face an emergency resulting from the breaking down of a machine and bringing about abnormal conditions under which plaintiff was required to work hurriedly, under express orders of his superior; and by reason of which hurry the injuries occurred, entitling plaintiff to go to the jury on the questions of assumed risk and contributory negligence.

(2)  *Emergency.   Question of Fact for Jury.*

The questions whether an employee has assumed the risk or has been guilty of contributory negligence, in a case where he is required to do his work in haste, either under orders of his superior or by reason of the exigency of his position, or because of an emergency, and where his whole energy and attention are absorbed in his work, or whether he may be excused from the degree of care ordinarily required, or for temporary forgetfulness of a risk previously known to him, or of a risk which he might under other circumstances have remembered or appreciated, have been generally held to be questions for the jury on the facts of the case.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiff to decision of Superior Court sustaining demurrer to declaration, and exceptions sustained.

PARKHURST, J.   This case is before this court upon exception to the decision of the Superior Court sustaining a demurrer to the amended declaration, the said decision holding in substance that the plaintiff knew of the condition of the passageway and of the loose piece of cloth upon the floor, and must have known of the danger incident to this condition of the passageway, and that the averments of the amended declaration do not show such a case of emergency as would excuse forgetfulness on the part of the plaintiff or the neglect of due care for his own safety.

(1)   We are of the opinion that the averments of the declaration, if sustained by adequate proof, would make out such a case of emergency as would entitle the plaintiff to go to the jury on the questions of assumed risk and contributory negligence.   There are averments of the breaking down of one of two pressing-

machines and of the consequent accumulation of an unusual number of rolls of cloth on the floor, in a space usually free for passage to and from the machines; of the piling of these rolls of cloth in this space, upon a loose piece of cloth called a "leader," by the plaintiff and another employee, under the express orders of the overseer, so that the passage between the pile of rolls and the dewing-machine was so narrow that a roll of cloth carried through the space grazed the pile of rolls on one side and the dewing-machine on the other; that the plaintiff and his assistant were expressly ordered by the overseer "to hurry along the work on said machine, as the output from the room had fallen behind because of the breaking down of one of the pressing-machines;" and such further and particular allegations as to show on the face of the declaration an emergency resulting from the breaking down of a machine, and bringing about abnormal conditions under which the plaintiff was required to work hurriedly, under the express orders of his superior, and by reason of which hurry the injuries occurred.

In view of all the allegations of the declaration, we can not determine, as a matter of law, either that there was no negligence on the part of the defendant, or that the plaintiff, as a matter of law either assumed the risk or was guilty of contributory negligence. We are not satisfied, as a matter of law, that, under all the circumstances alleged, it was obvious to the plaintiff that he was incurring any danger to himself in obeying the orders given him to hurry the work along and in doing as he was obliged to do in order to get the roll of cloth to the machine.

This court has heretofore recognized, as compatible with the statement of an emergency, averments in a declaration showing that the plaintiff was obliged to do certain work hurriedly, under the orders of his foreman, and that by reason of such hurried work, so ordered, the plaintiff was injured; and overruled a demurrer to the declaration, thereby requiring the case to be submitted to a jury on the facts. See *Mayott* v. *Norcross Bros.*, Dem. No. 427, rescript filed May 11, 1901. See also *Mayott* v. *Norcross Bros.*, 24 R. I. 187, 192, 193, where it appears that the evidence placed before the jury was held not to prove any emergency, such as the declaration set forth.

(2)   The questions, whether an employee has assumed the risk or has been guilty of contributory negligence, in a case where he is required to do his work in haste, either under orders of his superior, or by reason of the exigency of his position or because of an emergency, and where his whole energy and attention are absorbed in his work; or whether he may be excused from the degree of care ordinarily required, or for temporary forgetfulness of a risk previously known to him, or of a risk which he might under other circumstances have remembered or appreciated, have been generally held to be questions for the jury upon all the facts of the particular case. See, *Kane* v. *Northern Central R. Co.*, 128 U. S. 91; *Stackman* v. *Chicago & N. W. R. Co.*, 80 Wis. 428; *St. Louis, &c., R. Co.* v. *Higgins*, 53 Ark. 458; *Lee* v. *Woolsey*, 109 Pa. St. 124; *Pullman Co.* v. *Geller* (Ky.), 107 S. W. 271; *Magone* v. *Portland Mfg. Co.* (Ore.), 93 Pac. 450; *San Antonio & A. P. Ry. Co.* v. *Stevens* (Tex.), 83 S. W. 235; and *Illinois Central R. Co.* v. *Keebler* (Ky.), 84 S. W. 1167.

The plaintiff's exception to the decision of the Superior Court sustaining the defendant's demurrer is sustained; and the case is remitted to the Superior Court with direction to overrule said demurrer, and for further proceedings.

*Thomas P. Corcoran and James M. Gillrain*, for plaintiff.
*Gardner, Pirce & Thornley, and Fred A. Otis*, for defendant.
*William W. Moss*, of counsel.