## Sunrise Coal Company v. McDaniel.

(Decided October 18, 1912.)

Appeal from Muhlenburg Circuit Court.

1. Master and Servant—Rule as to Furnishing Servant Safe Place to Work—Injury to Servant—Modification of Rule.—While the gen-

eral rule is that the master must provide the servant with a reasonably safe place in which to work, if the danger of working in a place is so obvious, immediate or constant, as to be known to the servant, and he nevertheless undertakes to continue working and is injured in its performance, he cannot recover for his injury.   This rule must, however, be applied with some modification; if the work is done in an emergency and by the direction of the master, or by his express command in the absence of an emergency, and the master gives the servant to understand that he does not consider the risk one that a prudent man would refuse to undertake; in such an event, the servant, notwithstanding his knowledge of the danger, has a right to rely upon his master's judgment, unless his own is so clearly opposed thereto, that, in fact, he does not rely upon the master's opinion.

2.   Master and Servant—Submission to Jury—Evidence.—As there was in this case evidence which conduced to show that appellee's injuries were received because he continued to work in the place of danger by direction of the master's mine foreman and, upon the latter's assurance, that no injury could result to him; and also evidence which tended to show that the danger of appellee's continuing at the work was not so obvious that he must have known of it, the case was properly allowed to go to the jury and the verdict returned by them will not be disturbed.

BELCHER & SPARKS and NEWTON BELCHER for appellant.

R. Y. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee recovered in the court below a verdict and judgment against appellant for $600; in damages, for bodily injuries sustained, as alleged, by the negligence of appellant in failing to provide him a reasonably safe place to work in its coal mine.   Appellant, being dissatisfied with the judgment and refusal of the circuit court to grant it a new trial, has appealed.

It appears from the record that appellee was in the employ of appellant as a miner of coal and while he was at work in its mine, slate from the roof thereof, fell upon his body and greatly injured him.   At the time of receiving his injuries, he and Ed. Whitehouse, a fellow workman, were engaged in driving an entry, upon which they were put at work when employed by appellant a month and a half previously.

Although numerous grounds were filed by appellant in support of its motion for a new trial, only one of them is relied upon by its counsel for a reversal, viz.: That

the trial court erred in refusing to grant the peremptory instruction asked by it at the conclusion of appellee's·evidence. It was shown by the evidence introduced in appellee's behalf, that he and Whitehouse did all the pick work in their entry, loaded out all the coal, removed such slate as fell from the roof of the entry; and that they did occasional propping of the roof, but only under the direction or at the command of Masters, the mine foreman. According to the evidence, they were not charged with the duty of inspecting or propping the roof of their entry, but it was their duty, upon discovering anything dangerous in the condition of the roof, to notify the foreman, who would direct them what to do, or have others remove the danger.

We do not find that the appellee's evidence thus far discussed, was materially contradicted by that of appellant. There is, however, conflict between some of the remainder of his evidence and that of appellant.

It was, in substance, testified both by appellee and Whitehouse, that it was the duty of the mine foreman to inspect the mine, including the entry in which they worked, and to see that it was kept in a reasonably safe condition. They also testified that the day before appellee received his injuries, they discovered that the slate in the roof of their entry seemed to be, "drummy," or loose in places, which so excited their fears that they went to Masters, the foreman, told him of the condition of the entry roof and requested him to have it propped or the slate knocked down; that Masters then, in substance, informed them that the roof of the entry was not dangerous; that such of the slate as might fall to the ground would not be in quantity or weight sufficient to injure anyone, and that he would not prop the roof, as he wished the slate to fall that it might be removed from the entry.

According to the further testimony of appellee and Whitehouse, the above statements and assurance of the foreman led them to accept his judgment, removed their fears, and induced them to return to work in the entry believing it safe for them to do so; and on the following day while they were at work in the entry, slate fell from its roof upon appellee in such quantity and weight, as to inflict the injuries for which he sued.

Masters, appellant's foreman, admitted that he saw the entry roof the day before appellee was injured, but

failed to state whether it was or was not dangerous. He also admitted that they complained to him of the entry roof, but denied that he made to them the statements or assurance with reference to the safety of the entry, to which they testified.

It is insisted for appellant that appellee is skilled in the business of mining, and even if the foreman assured him of the safety of the entry, as claimed by him, its dangerous condition was so obvious he must have known it; and that in continuing at work in the entry under the circumstances, he was guilty of contributory negligence, to which his injuries must be attributed, and because thereof the jury should have been peremptorily instructed to find for appellant.

It is true appellee was a miner of several years experience, but his knowledge of appellant's mine was limited, as he worked in it little more than a month; and whether its formation and the character of its coal and slate were similar to those of other mines in which he had worked, does not appear from the evidence. The fact that appellee had some experience and skill in mining was before the jury and was doubtless considered by them, with all other evidence in the case, in determining whether appellee in continuing work in the entry, risked the foreman's judgment or his own; and whether, notwithstanding the latter's assurance of its safety, the danger of continuing at work therein was so obvious as to have been known to him.

It was, as a matter of law, appellant's duty to use ordinary care to see that appellee was provided with a reasonably safe place to perform his work, and likewise the duty of the latter, in performing his work, to use ordinary care to protect himself from injury. While, in this case, he was not charged with the duty of inspecting or keeping in a reasonably safe condition the place of his work, and had the right to rely upon the foreman's inspecting and keeping it reasonably safe for work, he could not rely upon the latter's assurance that it was safe, if the danger was so obvious, that he knew or must have known it. As there was evidence which conduced to prove that appellee was assured by the mine foreman of the safety of the entry roof; that he continued work relying upon this assurance and that the danger of the roof's falling in such quantity or weight as to injury appellee, was not so obvious as to make

the danger known to him, notwithstanding the assurance of the foreman, the case was properly allowed to go to the jury. An elaborate discussion of this doctrine may be found in Pullman Co. v. Geller, 128 Ky., 72, in the opinion of which it is said:

"While the general rule is that the master must provide the servant with a reasonably safe place to work and reasonably safe tools with which to work, if the danger of working in the place or with the tools provided is so obvious, immediate or constant as to be known to the servant, and he nevertheless undertakes or continues the work and is injured in its performance, he cannot recover for such injury, this rule must, however, be applied with some modification, if the work is done in an emergency and by the direction of the master, or by his express command in the absence of an emergency, and the master gives the servant to understand that he does not consider the risk one which a prudent man would refuse to undertake, in such event, the servant, notwithstanding his knowledge of the danger, has a right to rely on his master's judgment, unless his own is so clearly opposed thereto that, in fact, he does not rely upon the master's opinion." Sherman & Redfield on Negligence, section 186; Long's Admr. v. Ill. Central R. R. Co., 24 R., 567; L. & N. R. R. Co. v. Ward, 19 R., 1900; Thompson Neg. Secs., 192-144

The court did not err in refusing the peremptory instruction asked by appellant; and, as the instructions given the jury seem to have fairly stated the law of the case, and there was evidence tending to show that appellee's injuries were caused by the negligence of appellant's foreman, complained of, no ground is apparent for disturbing the verdict

Wherefore the judgment is affirmed.