## Hough & Spradlin Company v. Clark.

(Decided December 5, 1912.)

### Appeal from Pendleton Circuit Court.

1. Master and Servant—Trial—Peremptory.—The evidence of an injured servant that, in the use of an unsafe tool, he had some question as to its safety, but used it, relying upon the assurance by the master of its safety authorized the submission to the jury the question of contributory negligence of the servant in the use of the implement.

2. Master and Servant—Masters' Liability for Injuries to Servant—Tools—Care Required.—A master cannot, in the use of dynamite, direct an inherently dangerous method of handling it, whereby in-

jury results, and escape liability therefor by disclaiming knowledge of the dangers attendant upon such method.

3.   Master and Servant—Pleading.—Where a tool is not obviously unsafe, a plea of the failure of the master to furnish to the servant a safe tool is sufficient to sustain judgment, without the further plea of a reliance by the servant on the assurance by the master of the safety of the implement.

4.   Master and Servant—Instructions.—An instruction to the jury to find for the defendant, if they believed that, notwithstanding the assurace of the master that the tool was so obviously unsafe that a man of ordinary prudence would not, under the circumstances, use it, while it should have been more explicit, fairly presents the law of the case.

S. D. ROUSE, D. COLLINS LEE for appellant.

APPLEGATE & CLARKE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellee, Clark, was engaged as blasting man by the appellant railroad construction company. Part of his duty was to load the drilled holes with dynamite. For this purpose the accustomed and approved instrument was a wooden rod or pole used as a pusher to force the dynamite down into the holes. Coming to a cut demanding deeper holes, appellee found that no pole he had was long enough to load them. The overseer, according to Clark's testimony, directed him to use an iron pipe for the work, assuring him that it was safe. Clark did so. While it was being used in loading a hole into which some eighty-five sticks of dynamite had been placed, a premature explosion occurred, badly injuring Clark. He sued and recovered judgment for $2,000, predicating his case upon the unsafe tool supplied him. The company appeals.

The defendant was not entitled to a peremptory instruction. The evidence shows that a wooden pole was safe, and that an iron one, both because of its greater weight, and because its rougher surface and end might by abrasion discharge some portion of the crumbled dynamite in the hole, was not safe; that notwithstanding this fact Clark was directed by his boss to use it, with an assurance that it was safe. The boss does not undertake to deny the conversation. The master, in supplying this iron tool, did not furnish his servant a reasonably safe appliance for the work in hand. Clark says that he did not know the danger in the use of the

iron rod. It is true that he had some question as to the safety of it, but he obeyed his employer and accepted his judgment. Whether in doing so he was guilty of contributory negligence was for the jury. Pullman Company v. Geller, 128 Ky., 72. Whether Newman, the boss, knew as a matter of fact the danger in using the iron rod is immaterial. A master cannot, in the use of dynamite, direct an inherently dangerous method of handling the dangerous agency, and then escape liability for resulting injury by saying that he did not know the method was dangerous.

This is not a case of confessedly dangerous implement known to the servant, and used by him upon the master's promise to repair, as in Burch v. Louisville Car Wheel Co., 146 Ky., 275; relied on by appellant; necessitating a special pleading of the fact, as held in that case. On the contrary, this case turns on the primary failure of the master to furnish a safe tool, which is fully plead in the petition.

The court told the jury that notwithstanding the master's assurance, if the tool was so obviously unsafe that a person of ordinary prudence would not, under the circumstances, use it, the finding should be for the defendant company. Appellant complains that ordinary prudence, within the facts appearing here, should have been defined explicitly as that which ordinarily would be used by one of Clark's experience in the use of dynamite, i. e., that the jury should have been told that notwithstanding the master's assurance of safety, if the tool was so obviously unsafe that an ordinarily prudent person of Clark's experience would not have used it, they should find for the defendant. The argument is sound; but in our judgment the instruction given fairly presents this idea to the jury. A part of the circumstances surrounding Clark, proven upon the trial, was his experience of several years in the use of dynamite in blasting. The instruction given directed the jury to consider ordinary prudence in the light of the circumstances attendant upon the doing of this work. While it might well have been somewhat more explicit, it fairly and satisfactorily presented the theory for which appellant contends.

Judgment affirmed.